UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EAST CAPITAL INVESTMENTS CORP., | ) <br> ) <br> ) |
| Plaintiff, | ) Case No. 1:21-cv-10300 <br> ) |
| -against- | ) [formerly Supreme Court of the State <br> ) of New York, New York County – <br> ) Index No. 656202/2021] |
| GENTECH HOLDINGS, INC., | ) <br> ) |
| Defendant. | ) <br> ) |

## NOTICE OF REMOVAL

Defendant GenTech Holdings, Inc. ("Defendant") hereby removes the action bearing Index No. 656202/2021 from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1441(a), 1441(b)(1) and 1446(a), and Local Civil Rule 81.1, and as grounds for its removal states as follows:

### STATEMENT OF THE CASE

1. This action is pending in the Supreme Court of the State of New York, County of New York, captioned *East Capital Investments Corp. v. GenTech Holdings, Inc.*, Index No. 656202/2021 (the "State Court Action"). On November 5, 2021, Plaintiff caused Defendant to be served with the following documents: Request for Judicial Intervention, Request for Judicial Intervention Addendum, Amended Summons, Amended Notice of Motion pursuant to New York Civil Practice Law and Rules ("CPLR") § 3213 (the "Motion"), Affirmation of Christoper Milazzo in support of Motion with attached Exhibits 1 through 25, Affidavit of Christopher Danzi in support of Motion, Affidavit of Ben Conde in support of Motion, and Memorandum of

Law in Support of Motion. This Notice of Removal is filed within 30 days after said receipt pursuant to 28 U.S.C. § 1446(b).

2.   True and correct copies of the documents from the State Court Action referenced in paragraph 1 herein (other than Exhibits 1 through 25), and the Affidavit of Service of said documents indicating that service occurred on November 5, 2021, are annexed hereto collectively as Exhibit A. True and correct copies of Exhibits 1 through 25 filed in the State Court Action are attached hereto collectively as Exhibit B. To Defendant's knowledge, information, and belief, no other pleadings or other documents have been served in this action, and no orders have been entered.

3.   The Motion, which was filed in lieu of a Complaint pursuant to CPLR § 3213, seeks to recover sums allegedly due pursuant to eight convertible notes.

### REMOVAL BASED ON DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(b)

4.   28 U.S.C. § 1332(a)(1) provides that "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ."

5.   Additionally, 28 U.S.C. § 1441(b) provides for removal based on diversity of citizenship.

6.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between Plaintiff and Defendant, and more than $75,000, exclusive of interest and costs, is at stake.

7.   Upon information and belief, Plaintiff is a corporation incorporated in New Jersey and maintains its principal place of business in New Jersey.

8.   Defendant is a corporation incorporated in Florida and maintains its principal place

of business in Colorado.

9. In this action, Plaintiff seeks judgment a principal sum of $700,500.00, together with interest on the principal amount. Thus, well over $75,000 is in controversy and the jurisdictional threshold under 28 U.S.C. 28 U.S.C. § 1332(a) is satisfied.

### REMOVAL BASED ON FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a)

10. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

12. In this action, one or more of the convertible notes upon which Plaintiff seeks judgment is void pursuant to 15 U.S.C. § 78cc (part of the Securities Exchange Act of 1934), since Plaintiff entered into agreements (the notes) with Defendant (and upon information and belief, similar notes with other parties) which grant Plaintiff the right to convert its obligations into common stock at a significant discount, and thus Plaintiff was acting as unlicensed dealer while having failed to register as a dealer prior to the issuance of the notes, as required by 15 USC § 78o(a)(1). The failure to do so renders invalid one or more of these notes pursuant to 15 U.S.C. § 78cc, which provides that every contract made in violation of Section 15 of the Securities Exchange Act is void.

13. Plaintiff's right to relief depends entirely on the interpretation of a substantial question of federal law, namely, whether or not Plaintiff qualified as a "dealer" under 15 U.S.C.

§ 78c(a)(5). The issue here, then, is substantially federal in nature. *See e.g., Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 145 (2d Cir. 2021).

### ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

14. Defendant is filing this notice of removal in accordance with the requirements of 28 U.S.C. § 1446(a). This notice of removal contains and has annexed a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" Defendant in the State Court Action.

15. Additionally, this Notice of Removal complies with the requirements of Local Civil Rule 81.1 pertaining to Removal based on diversity of citizenship.

16. This Notice of Removal has been filed within 30 days of the date that Defendant was served with the Amended Summons and other aforementioned documents referenced in paragraph 1 herein from the State Court Action. Removal therefore is timely in accordance with 28 U.S.C. 1446(b)(1).

17. Removal to this Court is proper pursuant to 28 U.S.C. 1441(a) and 1446(a) because the United States District Court for the Southern District of New York is the federal judicial district embracing the Supreme Court of the State of New York, County of New York, where the State Court Action was originally filed.

### CONCLUSION

18. By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Defendant intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

**WHEREFORE**, notice is given that this action is removed from the Supreme Court, New York County to the United States District Court for the Southern District of New York.

Dated: New York, New York
December 3, 2021

Respectfully Submitted,

_____
Edward Paltzik
JOSHPE MOONEY PALTZIK LLP
1407 Broadway, Suite 4002
New York, NY 10018
Tel: (212) 344-8211
Fax: (212) 313-9478
epaltzik@jmpllp.com
*Attorneys for Defendant*