# EXHIBIT A

Case 1:21-cv-10300-LLS    Document 1-1    Filed 12/03/21    Page 2 of 44

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------x
                                     :

EAST CAPITAL INVESTMENTS CORP,        :

                                     :     Index No.:

                      Plaintiff,     :

    -against-                         :

                                       :

GENTECH HOLDINGS, INC.,             :

                                       :

                    Defendant.   :

                                       :
---------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT

CARMEL, MILAZZO & FEIL, LLP

By:   /s/ Christopher Milazzo, Esq.
Christopher Milazzo, Esq.
55 West 39th Street, 18th Floor
New York, New York 10018
(212) 658-0458
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ..................................................................................... ii

Preliminary Statement........................................................................................1

Statement of Relevant Facts...............................................................................2

Argument .......................................................................................................4

   I.   PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AGAINST
       DEFENDANT ON THE PROMISSORY NOTES.......................................................4

      A.  The Promissory Notes Qualify as Instruments for the Payment of Money
          Only......................................................................................................6

      B.  Plaintiff Establishes its *Prima Facie* Case for Judgment as a Matter of
          Law ......................................................................................................8

          1.  Defendant Defaulted on the Terms of Payment of Note 1.................................8

          2.  Defendant Defaulted on the Terms of Payment of Notes 2 through 8..............9

          3.  Defendant Has No Valid Defense to Its Default on the Notes ........................12

      C.  Defendant is Liable for Reasonable Attorneys' Fees Incurred by Plaintiff
          to Enforce the Notes...............................................................................13

CONCLUSION..................................................................................................14

## TABLE OF AUTHORITIES

### Cases

*A&M Global Mgmt. Corp. v. Northtown Urology Assocs., P.C.*,
115 A.D.3d 1283, 983 N.Y.S.2d 368 (4th Dep't 2014) ...................................................13

*Alfred E. Mann Living Trust v. EITRC Aviation S.A.R.L.*,
78 A.D.3d 137 (1st Dep't 2010) ...........................................................................5

*Bonds Financial, Inc. v. Kestrel Tech., LLC*,
48 A.D.3d 230, 850 N.Y.S.2d 429 (1st Dep't 2008) ...........................................................6

*Christmas v. CitiMortgage, Inc.*,
130 Nev. 1163, 2014 WL 605875 (Sup. Ct. Nev. 2014) ...................................................5

*Cooperative Centrale Raiffeisen-Boerenleenbank, BA v. Navarro*,
25 N.Y.3d 485 (2015) .......................................................................................4

*Daly v. Del E. Webb Corp.*,
96 Nev. 359, 609 P.2d 319 (Sup. Ct. Nev. 1980) ...............................................................5

*European Am. Bank v. Streisand*,
177 A.D.2d 301 (1st Dep't 1991) .......................................................................7

*First Nat. Bank of Kissimmee v. Dunham*,
342 So.2d 1021 (Fl. App. 1977) .......................................................................5

*Gateway State Bank v. Shangri-La Private Club for Women, Inc.*,
113 A.D.2d 791 (2d Dep't 1985) .......................................................................5

*Griffon V LLC v. 11 East 36th, LLC*,
90 A.D.3d 705 (1st Dep't 2011) .................................................................4, 5, 12

*Estate of Hansraj v. Sukhu*,
145 A.D.3d 755, 43 N.Y.S.3d 127 (2d Dep't 2016) ...........................................................6

*Hooper Assocs., Ltd. v. AGS Computs., Inc.*,
74 N.Y.2d 487, 549 N.Y.S.2d 365 (1989) ...................................................................13

*Laguerre v. Nevada Sys. of Higher Educ.*,
837 F. Supp.2d 1176 (D. Nev.2011) .......................................................................5

*Lugli v. Johnston*,
78 A.D.3d 1133 (2d Dep't 2010) ...................................................................6-7

ii

*Maikels v. Albany Broadcasting Co., Inc.,*
    248 A.D.2d 915 (3d Dep't 1998) ...................................................................6

*Mount Vernon City Sch. Dist. v. Nova Cas. Co.,*
    19 N.Y.3d 28, 945 N.Y.S.2d 202 (2012) ......................................................13

*Nunez v. Channel Grocery & Deli Corp.,*
    124 A.D.3d 734 (2d Dep't 2015) .................................................................5

*Plantamura v. Penske Truck Leasing, Inc.,*
    246 A.D.2d 347 (1st Dep't 1998) ................................................................6

*PNC Bank, N.A. v. Starlight Props. Hold., LLC,*
    2014 WL 2574040 (M.D. Fla., June 9, 2014) .................................................5

*SCP (Bermuda) Inc. v. Bermudatel Ltd.,*
    224 A.D.2d 214 (1st Dep't 1996) ................................................................5

*Schwartz v. Turner Hold., Inc.,*
    139 A.D.2d 458 (1st Dep't 1988) ................................................................7

*Sun Convenient, Inc. v. Sarasamir,*
    123 A.D.3d 906 (2d Dep't 2014) .................................................................6

*Von Fricken v. Schaefer,*
    118 A.D.3d 869 (2d Dep't 2014) ............................................................ 5, 6-7

*Weissman v. Sinorm Deli,*
    88 N.Y.2d 437 (1996) ..............................................................................4

*Woodhouse, Drake & Carey (Trading), Inc. v. Royal Int'l Trade, Inc.,*
    188 A.D.2d 315 (1st Dep't 1992) ................................................................7

**<u>Statutes</u>**

CPLR 3213.................................................................................. 1, 4, 5, 6-7, 14

iii

Plaintiff East Capital Investments Corp. ("Plaintiff" or "ECIC"), by and through its attorneys, Carmel, Milazzo & Feil, LLP, respectfully submits this Memorandum of Law in support of its Motion, pursuant to CPLR §3213, for Summary Judgment in Lieu of Complaint against Defendant GenTech Holdings, Inc. ("Defendant" or "GenTech").

### Preliminary Statement

This is a motion, pursuant to CPLR §3213, for summary judgment in lieu of complaint to recover sums due pursuant to eight (8) Convertible Promissory Notes (the "Notes") executed and issued by Defendant and now held by Plaintiff. As the evidence submitted in support of this motion establishes, Defendant executed the Notes on various dates in 2019 whereby it promised to pay the holder of the Notes (now Plaintiff) the aggregate principal sum of $700,500.00, together with accrued interest on the outstanding principal amounts. The Notes provide that in the event of any failure to pay the principal and accrued interest by the specific dates articulated in each Note (the "Maturity Dates"), the Defendant would be liable to the holder of the Notes for the immediate payment of the total amount of the principal, accrued interest, and any of holder's expenditures in enforcement of the Notes. Pursuant the express terms of the Notes, the Maturity Date was twelve (12) months from each Note's respective issuance date. However, upon the coming and passing of each Maturity Date, Defendant failed to pay any portion of the principal amounts or accrued interest under any of the Notes and has not made any such payments to date.

Defendant has no viable defense to this action. As such, Plaintiff is entitled to judgment as a matter of law for the amounts due and owing under the Notes, including principal, accrued interest, reasonable attorneys' fees, and costs and expenses associated with Plaintiff's enforcement of the Notes.

1

## Statement of Relevant Facts

On or about February 21, 2020, Plaintiff ECIC entered into eight Note Purchase Agreements and Assignment Agreements (collectively, the "Agreements") with Essex Global Investments Corp. ("Essex"). (Affidavit of Christopher Danzi, sworn to October 20, 2021 ("Danzi Aff.") ¶ 3; Affidavit of Ben Conde, sworn to October 25, 2021 ("Conde Aff.") ¶4; Exhs. 9-24.))[1] The subjects of the Agreements were eight (8) Convertible Promissory Notes issued by Defendant GenTech to Essex on various dates between May and August of 2019. Specifically, Defendant issued the following Convertible Promissory Notes to Essex:

(1) Convertible Promissory Note, dated May 8, 2019, in the principal amount of $135,000 ("Note 1");
(2) Convertible Promissory Note, dated May 23, 2019, in the principal amount of $72,500 ("Note 2");
(3) Convertible Promissory Note, dated June 6, 2019, in the principal amount of $100,000 (Note 3");
(4) Convertible Promissory Note, dated June 19, 2019, in the principal amount of $32,000 ("Note 4");
(5) Convertible Promissory Note, dated June 24, 2019, in the principal amount of $71,000 ("Note 5");
(6) Convertible Promissory Note, dated June 27, 2019, in the principal amount of $100,000 ("Note 6");
(7) Convertible Promissory Note, dated July 24, 2019, in the principal amount of $100,000 ("Note 7"); and
(8) Convertible Promissory Note, dated August 23, 2019, in the principal amount of $90,000 ("Note 8").

(Danzi Aff.¶ 4-5; Conde Aff. ¶¶ 4-6; Exhs. 1-8.)

Each of the eight (8) Notes was fully funded by Essex. (Conde Aff. ¶ 3.) The terms of Notes 2 through 8 are identical in form and substance, except for the values of the Notes and the dates each was issued. (Exhs. 2-8.) Note 1 is similar in some substantive respects, except as otherwise discussed. All eight Notes were due and payable twelve (12) months from the issuance date of each specific Note. (Exhs. 1-8.) The specific amount due on the Maturity Date for Notes

---

[1] The Exhibits are annexed to the Affirmation of Christopher P. Milazzo, dated October 20, 2021 ("Milazzo Aff.").

2

2 through 8 were the principal, together with ten percent (10%) per annum interest thereon, compounded monthly, to the date of payment. (Exhs. 2-8) The amount due under each of the Notes was to be paid by Defendant in lump sum on the Maturity Date of each Note. (Exhs. 2-8.)

Under Note 1, GenTech agreed to pay $135,000 in principal, with interest at the rate of ten percent (10%) per annum until the Maturity Date. If Defendant did not pay the amount due on Notes 1's Maturity Date, the outstanding principal increased by ten percent (10%) (*i.e.*, to $148,500) and the interest rate increased to twenty-four percent (24%) per annum on such increased principal amount until paid in full. (Exh. 1.)

The Notes also provided for the recovery of attorneys' fees and costs in the event that legal action was required to enforce the terms of the Notes. (Exhs. 1-8.)

Pursuant to the Purchase Agreements and Assignments, Plaintiff acquired all of Essex's rights, title, and interest to the Notes. (Conde Aff. ¶ 4; Exhs. 9-24.)[2] GenTech has acknowledged that Plaintiff is the current holder of the Notes in filings with the OTC Markets Group, Inc. ("OTC"). (*See* (Exh. 25 at ¶3(B))

Defendant failed to pay the amounts due under the Notes as they came due and has not made any payments of principal and interest due under the Notes thereafter. (Danzi Aff. ¶ 29.) Further, neither Plaintiff, nor Essex, converted any principal or interest due under the Notes. (Danzi Aff. ¶ 30; Conde Aff. ¶ 10.)

Defendant's Disclosure Statement, filed with the OTC on July 31, 2021, reflects that: (1) each of the eight Notes' Maturity Dates have come and gone; (2) Plaintiff is the designated Holder

---

[2] The Court should note that, rather than identifying the Notes being assigned to Plaintiff by the date of the Note, Essex and Plaintiff identified each Note in the Agreements by the date the Note was fully funded (which was a different date than the issuance date of the Note). (Conde Aff. ¶ 7.)

3

of each of the eight Notes; and (3) Defendant has not made any payments whatsoever on any of the eight Notes. (Exh. 25 at ¶3(B))

## Argument

## POINT I

### PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AGAINST DEFENDANT ON THE PROMISSORY NOTES

The Court should grant Plaintiff's Motion, pursuant to CPLR 3213, for Summary Judgment in Lieu of Complaint, against Defendant for the enforcement of the Notes.  Pursuant to CPLR 3213:

> When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint[.]

N.Y. Civ. Prac. L. & R. 3213 (McKinney 2019).

CPLR 3213 was enacted to provide expeditious relief on documentary claims so meritorious that a formal complaint is superfluous. *See Cooperative Centrale Raiffeisen-Boerenleenbank, BA v. Navarro*, 25 N.Y.3d 485, 491-92, 36 N.E.3d 80, 84, 15 N.Y.S.3d 277, 281 (2015).  The Court of Appeals recognizes that, in such cases, it is needless for the plaintiff to file a complaint and be forced to wait for an answer before moving for summary judgment. *See id.*; *see also Weissman v. Sinorm Deli*, 88 N.Y.2d 437, 443, 669 N.E.2d 242, 245, 646 N.Y.S.2d 308, 311 (1996).

A plaintiff establishes a *prima facie* entitlement to judgment as a matter of law on a promissory note by demonstrating: (a) the existence of the promissory note executed by the defendant and (b) the defendant's failure to make payment in accordance with its terms.  *See Griffon V LLC v. 11 East 36th, LLC*, 90 A.D.3d 705, 706, 934 N.Y.S.2d 472, 474 (1st Dep't 2011);

4

*see also Nunez v. Channel Grocery & Deli Corp.*, 124 A.D.3d 734, 734-35, 998 N.Y.S.2d 663, 663-64 (2d Dep't 2015) (holding that to establish a *prima facie* case on CPLR 3213 motion, a plaintiff must show existence of a promissory note and the defendant's failure to pay in accordance with its terms); *Von Fricken v. Schaefer*, 118 A.D.3d 869, 870, 988 N.Y.S.2d 254, 256 (2d Dep't 2014).[3]

Once the plaintiff establishes its *prima facie* case, the burden shifts to the defendant to establish, by admissible evidence, the existence of a genuine, triable issue of fact with respect to a bona fide defense. *See Griffon V LLC*, 90 A.D.3d at 706, 934 N.Y.S.2d at 474; *SCP (Bermuda) Inc. v. Bermudatel Ltd.*, 224 A.D.2d 214, 216, 638 N.Y.S.2d 2, 4 (1st Dep't 1996); *see also Hyman*, 134 A.D.3d at 85, 24 N.Y.S.3d at 992 (granting plaintiff's motion for summary judgment in lieu of complaint where defendant failed to establish, by admissible evidence, the existence of a triable issue of fact with respect to a bona fide defense).

Further, the defendant is obligated to set forth his defenses and lay bare his evidentiary proof supporting such defenses. *See Alfred E. Mann Living Trust v. EITRC Aviation S.A.R.L.*, 78 A.D.3d 137, 142, 910 N.Y.S.2d 418, 423 (1st Dep't 2010). As such, conclusory and unsubstantiated allegations are insufficient to meet this burden, as are allegations based upon conjecture and surmise. *See Nunez*, 124 A.D.3d at 664, 998 N.Y.S.2d at 735; *Gateway State Bank v. Shangri-La Private Club for Women, Inc.*, 113 A.D.2d 791, 792, 493 N.Y.S.2d 226, 227 (2d Dep't 1985), *aff'd*, 67 N.Y.2d 627, 490 N.E.2d 546, 499 N.Y.S.2d 679 (1986); *see also*

___

[3] Note 1 is governed by Nevada law (Exh. 1) and Notes 2-8 are governed by Florida law (Exhs. 2-8). The laws of the States of Florida and Nevada with respect to the showing required to establish a claim for breach of a promissory note are essentially the same as New York law. Under Nevada and Florida law, a claim for a breach of a promissory note is, in essence, a claim for breach of contract, for which the plaintiff must establish: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages. *Laguerre v. Nevada Sys. of Higher Educ.*, 837 F. Supp.2d 1176, 1180 (D. Nev.2011*); see also Daly v. Del E. Webb Corp.*, 96 Nev. 359, 609 P.2d 319, 320-21 (Sup. Ct. Nev. 1980); *Christmas v. CitiMortgage, Inc.*, 130 Nev. 1163, 2014 WL 605875, *1 (Sup. Ct. Nev. 2014); *PNC Bank, N.A. v. Starlight Props. Hold., LLC*, 2014 WL 2574040, at *7 (M.D. Fla., June 9, 2014); *First Nat. Bank of Kissimmee v. Dunham*, 342 So.2d 1021, 1022 (Fl. App. 1977).

5

Case 1:21-cv-10300-LLS   Document 1-1   Filed 12/03/21   Page 11 of 44

*Plantamura v. Penske Truck Leasing, Inc.*, 246 A.D.2d 347, 348, 668 N.Y.S.2d 157, 158 (1st Dep't 1998) ("Mere conclusions, expressions of hope, allegations or assertions are insufficient to raise a triable issue of fact"); *Maikels v. Albany Broadcasting Co., Inc.*, 248 A.D.2d 915, 916, 670 N.Y.S.2d 265, 267 (3d Dep't 1998) (holding that the defendant failed to meet its burden by offering solely conclusory and/or unsubstantiated allegations).

As demonstrated below, Plaintiff establishes its *prima facie* entitlement to Judgment as a matter of law on the Notes.

### A. The Promissory Notes Qualify as Instruments for the Payment of Money Only

Initially, to be entitled to accelerated treatment under CPLR 3213, the instrument at issue must be an instrument for the payment of money only. N.Y. Civ. Prac. L. & R. 3213 (McKinney 2015). An instrument qualifies as an instrument for the payment of money if it contains an unconditional promise by one party to pay another party over a stated period of time. *Von Fricken*, 118 A.D.3d at 870, 968 N.Y.S.2d at 256; *see also Sun Convenient, Inc. v. Sarasamir*, 123 A.D.3d 906, 907, 999 N.Y.S.2d 432, 434 (2d Dep't 2014). It is beyond cavil that a promissory note which contains an unconditional promise by the debtor to pay qualifies as an instrument for the payment of money only under CPLR 3213. *See Estate of Hansraj v. Sukhu*, 145 A.D.3d 755, 755, 43 N.Y.S.3d 127, 128 (2d Dep't 2016); *Lugli v. Johnston*, 78 A.D.3d 1133, 1134, 912 N.Y.S.2d 106, 110 (2d Dep't 2010); *Bonds Financial, Inc. v. Kestrel Tech., LLC*, 48 A.D.3d 230, 231, 850 N.Y.S.2d 429, 430 (1st Dep't 2008).

It is well-established that, where, as here, a promissory note contains an unconditional promise to pay over a stated time, it is an instrument for the payment of money only within the meaning of CPLR 3213. *See Von Fricken*, 118 A.D.3d at 870, 988 N.Y.S.2d at 256; *see also Lugli*, 78 A.D.3d 1133, 1134, 912 N.Y.S.2d 108, 110 (holding that a promissory note that contains an

6

unconditional promise to pay over stated time was an instrument for the payment of money only); *Woodhouse, Drake & Carey (Trading), Inc. v. Royal Int'l Trade, Inc.*, 188 A.D.2d 315, 316, 590 N.Y.S.2d 480, 480-81 (1st Dep't 1992) (holding that the promissory note was an instrument for the payment of money only and qualified for accelerated treatment under CPLR 3213); *European Am. Bank v. Streisand*, 177 A.D.2d 301, 302, 575 N.Y.S.2d 871, 872 (1st Dep't 1991) (granting summary judgment in lieu of complaint on promissory note); *Schwartz v. Turner Hold., Inc.*, 139 A.D.2d 458, 458, 527 N.Y.S.2d 229, 230 (1st Dep't 1988) (holding that the promissory note was an instrument for payment of money only).

Here, the Notes' language is unambiguous. Pursuant to the terms of the Notes, Defendant unconditionally promised to pay Plaintiff the principal amounts set forth in the Notes, together with interest thereon. (*See* Exh. 1 § 5; Exhs. 2-8, § 3.) Specifically, Note 1 provides that "[n]o provision of this Note shall alter or impair the obligation of [GenTech], which is absolute and uncidtional, to pay the principal of, and interest on, this Note at the time, place, and rate, and in the form, herein prescribed." (*Id.*) Similarly, Notes 2-8 provide that:

> No provision of this note shall alter or impair the obligation of the Company, which is absolute and unconditional, to the payment of the Outstanding Principal Amount of this Note at the Maturity Date . . ."

(Exhs. 2-8 at ¶3) Thus, Defendant's promise to pay the amounts set forth in the Notes on the respective Maturity Date of each Note was absolute and unconditional.

Accordingly, the Court should find that the Notes are instruments for the payment of money only and are entitled to accelerated treatment under CPLR 3213.

7

### B. Plaintiff Establishes Its *Prima Facie* Case for Judgment as a Matter of Law

Plaintiff establishes its entitlement to judgment as a matter of law on the Notes. First, Plaintiff demonstrates the existence of the Notes executed by Defendant, which Plaintiff acquired from Essex on February 21, 2020. (Exhs. 1-8.) Second, as discussed below, Plaintiff has established Defendant's failure to pay in accordance with the terms of each Note. (Danzi Aff. ¶ 29; Conde Aff. ¶ 9.) Indeed, as corroborated by Defendant's own filing with the OTC, Defendant failed to pay any principal or interest due under the Notes. (*See* Exh. 25 at ¶3(B))

#### 1. Defendant Defaulted on the Terms of Payment on Note 1

It is undisputed that Note 1 is a valid Convertible Promissory Note executed by Defendant on May 8, 2019, in favor of Essex, and is currently held by Plaintiff. In fact, Defendant acknowledged the validity of the Note and that it is currently held by Plaintiff in its Quarterly Report with OTC on July 31, 2021. (Exh. 25 at ¶3(B)) In Note 1, the Defendant promised to pay the principal amount of Note 1 (*i.e.*, $135,000), along with accrued interest at the rate of 10 percent per annum (which began accruing on the date of issuance), on the Maturity Date, which was May 8, 2020. (Exh. 1). Under the terms of Note 1, an event of default would occur in the event of non-payment on the Maturity Date. (*Id.*)

It is undisputed that Defendant failed to pay any part of the $135,000 in principal and accrued interest on the Maturity Date (May 8, 2020). (Danzi Aff. ¶ 29; Conde Aff. ¶ 9.) As a result, under the terms of Note 1, the outstanding principal amount increased by (10%) to $148,500 and from May 9, 2020, interest accrued on said amount at the default rate of twenty-four percent (24%) per annum. (*Id.*)

Thus, Defendant is liable for default for non-payment on Note 1 for the following amounts: (a) the current principal amount of $148,500.00; (b) the unpaid interest accrued on the original

Case 1:21-cv-10300-LLS   Document 1-1   Filed 12/03/21   Page 14 of 44

principal of $135,000.00 at a rate of ten percent (10%) per annum between May 8, 2019 and May 8, 2020; and (c) the accrued and unpaid interest on the current principal amount of $148,500.00 at a rate of twenty-four percent (24%) per annum from May 9, 2020 to the date of judgment.

## 2. **Defendant Defaulted on the Terms of Payment of Note 2 through 8**

It is undisputed that Notes 2 through 8 are valid Convertible Promissory Notes issued by Defendant on various dates between May and August of 2019 and that each of those Notes is currently held by Plaintiff.  Defendant acknowledged as much in its Quarterly Report filed with OTC on July 31, 2021. (Exh. 25 at ¶3(B))  It is also undisputed that Defendant agreed to pay the principal amounts, along with accrued interest at a rate of ten percent (10%) per annum (which began accruing on the respective dates of issuance), compounded monthly, on Notes 2 through 8 by the Maturity Dates, which were twelve (12) months from the respective dates of issuance. (Exhs. 2-8)  If Defendant failed to make the payments, such failure would constitute a default. (*Id.*) In that event, Defendant would be liable for the immediate, unconditional payment of the outstanding principal and the accrued and unpaid interest on Notes 2 through 8, compounded monthly. (*Id.*)  Finally, Defendant has not made any payment whatsoever on Notes 2 through 8, which Defendant acknowledges in the same OTC filing referenced above. (*See also* Danzi Aff. ¶ 29)

Under Note 2, Defendant promised to pay the principal sum of $72,500.00 and accrued and unpaid interest at a rate of ten percent (10%) per annum (which began accruing on the date of issuance, May 23, 2019), compounded monthly, by or before the Maturity Date, May 23, 2020. (Exh. 2) Defendant not only failed in this endeavor but has failed to make any payment on the principal or accrued interest as of the date of this filing. (Danzi Aff. ¶ 29)  Thus, Defendant has defaulted on Note 2, and is liable to Plaintiff for the outstanding principal amount of $72,500.00

9

plus the interest which began accruing at a rate of ten percent (10%) per annum, compounded monthly, on May 23, 2019 and will continue to accrue at that rate up to the date of judgment.

Under Note 3, Defendant promised to pay the principal sum of $100,000.00 and accrued and unpaid interest at a rate of ten percent (10%) per annum (which began accruing on the date of issuance, June 6, 2019), compounded monthly, by or before the Maturity Date, June 6, 2020. (Exh. 3)  Defendant failed and has continued to fail to make any payment on the principal or accrued interest as of the date of this filing. (Danzi Aff. ¶ 29)  Thus, Defendant has defaulted on Note 3, and is liable to Plaintiff for the outstanding principal amount of $100,000.00 plus the accrued and unpaid interest, which began accruing at a rate of ten percent (10%) per annum, compounded monthly, on June 6, 2019 and will continue to accrue at that rate up to the date of judgment.

Under Note 4, Defendant promised to pay the principal sum of $32,000.00 and accrued and unpaid interest at a rate of ten percent (10%) per annum (which began accruing on the date of issuance, June 19, 2019), compounded monthly, by or before the Maturity Date, June 19, 2020. (Exh. 4)  Defendant failed and has continued to fail to make any payment on the principal or accrued interest as of the date of this filing. (Danzi Aff. ¶ 29)  Thus, Defendant has defaulted on Note 4, and is liable to Plaintiff for the outstanding principal amount of $32,000.00 plus the accrued and unpaid interest, which began accruing at a rate of ten percent (10%) per annum, compounded monthly, on June 19, 2019 and will continue to accrue at that rate up to the date of judgment.

Under Note 5, Defendant promised to pay the principal sum of $71,000.00 and accrued and unpaid interest at a rate of ten percent (10%) per annum (which began accruing on the date of issuance, June 24, 2019), compounded monthly, by or before the Maturity Date, June 24, 2020. (Exh. 5)  Defendant failed and has continued to fail to make any payment on the principal or

10

accrued interest as of the date of this filing. (Danzi Aff. ¶ 29)  Thus, Defendant has defaulted on Note 5, and is liable to Plaintiff for the outstanding principal amount of $71,000.00 plus the accrued and unpaid interest, which began accruing at a rate of ten percent (10%) per annum, compounded monthly, on June 24, 2019 and will continue to accrue at that rate up to the date of judgment.

Under Note 6, Defendant promised to pay the principal sum of $100,000.00 and accrued and unpaid interest at a rate of ten percent (10%) per annum (which began accruing on the date of issuance, June 27, 2019), compounded monthly, by or before the Maturity Date, June 27, 2020. (Exh. 6)  Defendant failed and has continued to fail to make any payment on the principal or accrued interest as of the date of this filing. (Danzi Aff. ¶ 29)  Thus, Defendant has defaulted on Note 6, and is liable to Plaintiff for the outstanding principal amount of $100,000.00 plus the accrued and unpaid interest, which began accruing at a rate of ten percent (10%) per annum, compounded monthly, on June 27, 2019 and will continue to accrue at that rate up to the date of judgment.

Under Note 7, Defendant promised to pay the principal sum of $100,000.00 and accrued and unpaid interest at a rate of ten percent (10%) per annum (which began accruing on the date of issuance, July 24, 2019), compounded monthly, by or before the Maturity Date, July 24, 2020. (Exh. 7)  Defendant failed and has continued to fail to make any payment on the principal or accrued interest as of the date of this filing. (Danzi Aff. ¶ 29)  Thus, Defendant has defaulted on Note 7, and is liable to Plaintiff for the outstanding principal amount of $100,000.00 plus the accrued and unpaid interest, which began accruing at a rate of ten percent (10%) per annum, compounded monthly, on July 24, 2019 and will continue to accrue at that rate up to the date of judgment.

Under Note 8, Defendant promised to pay the principal sum of $90,000.00 and accrued and unpaid interest at a rate of ten percent (10%) per annum (which began accruing on the date of issuance, August 23, 2019), compounded monthly, by or before the Maturity Date, August 23, 2020. (Exh. 8)  Defendant failed and has continued to fail to make any payment on the principal or accrued interest as of the date of this filing. (Danzi Aff. ¶ 29)  Thus, Defendant has defaulted on Note 8, and is liable to Plaintiff for the outstanding principal amount of $90,000.00 plus the accrued and unpaid interest, which began accruing at a rate of ten percent (10%) per annum, compounded monthly, on August 23, 2019 and will continue to accrue at that rate up to the date of judgment.

### 3.   Defendant Has No Valid Defense to Its Default on the Notes.

Having established its prima facie right to judgment as a matter of law on Notes 1-8, the burden shifts to Defendant to establish, by admissible evidence, the existence of a genuine, triable issue of fact with respect to a bona fide defense.  *See Griffon V LLC*, 90 A.D.3d at 706, 934 N.Y.S.2d at 474.  Here, no such defense exists.

Defendant cannot meet its burden in raising a bona fide defense because its promises to pay were explicit, unambiguous, and unconditional.  Defendant had an obligation to repay Plaintiff on the Maturity Dates. It failed to do so.  These are the undisputable facts of this case, as corroborated by Christopher Danzi's Affidavit, Ben Conde's Affidavit, and the Defendant's own Quarterly Report filed with the OTC on July 31, 2021.  For Defendant to argue to the contrary would fly in the face of the Notes' clear terms and Defendant's own admissions that the Notes are valid that they have not made payment on any of the Notes, or any portion thereof.

12

## C. Defendant is Liable for Reasonable Attorneys' Fees Incurred by Plaintiff to Enforce the Notes

New York courts routinely enforce contractual provisions for the recovery of attorneys' fees. *See, e.g., Mount Vernon City Sch. Dist. v. Nova Cas. Co.*, 19 N.Y.3d 28, 39, 945 N.Y.S.2d 202, 210 (2012); *Hooper Assocs., Ltd. v. AGS Computs., Inc.*, 74 N.Y.2d 487, 491, 549 N.Y.S.2d 365, 366 (1989); *see also A&M Global Mgmt. Corp. v. Northtown Urology Assocs., P.C.*, 115 A.D.3d 1283, 1290, 983 N.Y.S.2d 368, 376 (4th Dep't 2014) ("plaintiff is entitled to an award of fees from Roehmholdt [because] the lease between Northtown and plaintiff provides for an award of attorneys' fees in favor of plaintiff because plaintiff prevailed in this action and, even as a nonparty to the lease, Roehmholdt is responsible for that award by virtue of the court piercing Northtown's corporate veil").

Notes 1 through 8 clearly obligate Defendant to pay the expenses incurred by Plaintiff in enforcement of the Notes, including attorneys' fees. (Exh. 1 ¶ 8; Exhs. 2-8 ¶ 5.2)   Plaintiff has incurred significant expenses in bringing this action to enforce the Notes and the instant motion. Based upon the foregoing, Plaintiff is clearly entitled to recover its reasonable costs and attorney's fees in enforcing the Notes.

On a motion for summary judgment in lieu of a complaint, the appropriate procedure is for the Court to enter a judgment for the principal amount plus interest and separately make an assessment of the reasonableness of the plaintiff's attorneys' fees. *See, e.g., Bronsnick v. Brisman*, 30 A.D.3d 224, 224, 819 N.Y.S.2d 492, 492 (1st Dep't 2006) (affirming summary judgment in lieu of complaint on promissory note which awarded monetary damages and referred issue of attorneys' fees to special referee); *Cmty. Nat'l Bank & Trust Co. of N.Y. v. I.M.F. Trading, Inc.*, 167 A.D.2d 921, 921, 403 N.Y.S.2d 6, 7 (1st Dep't 1978) (reversal denial of motion for summary

13

judgment in lieu of complaint and directing trial court to conduct "an assessment of plaintiff's reasonable attorneys' fees").

Accordingly, the Court should direct that an inquest be held to determine the amount of attorney's fees and costs that Plaintiff is entitled to recover herein.

### Conclusion

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an Order pursuant to CPLR 3213, granting summary judgment in favor of Plaintiff and against Defendant as follows:

(a) On Note 1: (i) the principal amount of $135,000.00, together with interest thereon at the rate of ten percent (10%) per annum, from the May 8, 2019 through May 8, 2020; (ii) an additional $13,500.00 as provided in Section 8 of Note 1; and (iii) default interest at the rate of twenty-four percent (24%) per annum on $148,500.00 (the increased principal amount under Section 8 of Note 1) from May 9, 2020 to the date of judgment;

(b) On Note 2: in the principal amount of $72,500.00, together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from May 23, 2019 to the date of judgment;

(c) On Note 3: in the principal amount of $100,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 6, 2019 to the date of judgment;

(d) On Note 4: in the principal amount of $32,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 19, 2019 to the date of judgment;

14

(e)  On Note 5: in the principal amount of $71,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 24, 2019 to the date of judgment;

(f)  On Note 6: in the principal amount of $100,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 27, 2019 to the date of judgment;

(g) On Note 7: in the principal amount of $100,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from July 24, 2019 to the date of judgment;

(h) On Note 8: in the principal amount of $90,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from August 23, 2019 to the date of judgment;

(i)  Directing an inquest to determine the amount of reasonable attorneys' fees to which Plaintiff is entitled under Section 5.2 of Notes 2 through 8, and Section 8 of Note 1; and

(j)  For such other and further relief as the Court deems just, equitable and proper.

Dated: New York, New York
       October 27, 2021

CARMEL, MILAZZO & FEIL, LLP

By:    /s/Christopher Milazzo, Esq.
Christopher Milazzo, Esq.
55 West 39th Street, 18th Floor
New York, New York 10018
(212) 658-0458
*Attorneys for Plaintiff*

15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | Index No.: |
| EAST CAPITAL INVESTMENTS CORP, | : | |
| | : | |
| Plaintiff, | : | **PLAINTIFF'S AFFIDAVIT** |
| | : | **IN SUPPORT** |
| -against- | : | |
| | : | |
| GENTECH HOLDINGS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

--------------------------------------------------------------x

STATE OF <u>NEW JERSEY</u>    )
                             )ss.:
COUNTY OF <u>MORRIS</u>     )

CHRISTOPHER DANZI, being duly sworn, deposes and says:

1.     I am the Chief Executive Officer of East Capital Investments Corp. ("Plaintiff" or "ECIC"), the Plaintiff in the above-captioned action. I make this Affidavit in support of Plaintiff's Motion, pursuant to CPLR 3213, for Summary Judgment in Lieu of Complaint against GenTech Holdings, Inc. ("Defendant" or "GenTech").

2.     I am fully familiar with the facts set forth herein, except where stated upon information and belief, and as to those matters, I believe them to be true.

3.     On or about February 21, 2020, Plaintiff East Capital Investment Corp. entered into eight (8) Note Purchase Agreements[1] and Assignment Agreements[2] (collectively, the "Agreements") with Essex Global Investments Corp. ("Essex").

---

[1] True and correct copies of the Note Purchase Agreements are annexed to the Affirmation of Christopher Milazzo, Esq., dated October 20, 2021 ("Milazzo Aff."), as Exhibits 17-24.
[2] True and correct copies of the Assignment Agreements are annexed to the Milazzo Aff., as Exhibits 9-16.

4.      The subjects of the Agreements were eight (8) Convertible Promissory Notes (collectively, the "Notes") executed by Defendant in favor of Essex on various dates between May and August of 2019.

5.      Specifically, Defendant issued the following Convertible Promissory Notes to Essex:

(1) Convertible Promissory Note, dated May 8, 2019, in the principal amount of $135,000 ("Note 1");
(2) Convertible Promissory Note, dated May 23, 2019, in the principal amount of $72,500 ("Note 2");
(3) Convertible Promissory Note, dated June 6, 2019, in the principal amount of $100,000 (Note 3");
(4) Convertible Promissory Note, dated June 19, 2019, in the principal amount of $32,000 ("Note 4");
(5) Convertible Promissory Note, dated June 24, 2019, in the principal amount of $71,000 ("Note 5");
(6) Convertible Promissory Note, dated June 27, 2019, in the principal amount of $100,000 ("Note 6");
(7) Convertible Promissory Note, dated July 24, 2019, in the principal amount of $100,000 ("Note 7"); and
(8) Convertible Promissory Note, dated August 23, 2019, in the principal amount of $90,000 ("Note 8").[3]

6.      Upon information and belief, Essex fully funded the amounts on each Note.

7.      Upon information and belief, Essex did not exercise the option of conversion on any of the Notes, or any portion thereof.

8.      The terms of Notes 2 through 8 were identical in form and substance, except for the values of the Notes and the dates each was issued.

9.      Pursuant to Notes 2 through 8, GenTech promised to pay the principal amount of the Notes (or such lesser principal amount following conversions of the Notes) twelve (12) months from the date of issuance of each of the Notes (the "Maturity Date").  Notes 2 through 8 all bear

---

[3] True and correct copies of the Notes are annexed to the Milazzo Aff. as Exhibits 1-8.

- 2 -

interest at the rate of ten percent (10%) per annum from the dates of issuance, compounded monthly.

10.    Pursuant to the terms of the Notes 2 through 8, an event of default is deemed to occur if, *inter alia*, there is a "[f]ailure to pay the principal and unpaid but accrued interest . . . when due."[4]

11.    Note 1 is distinguishable in form and substance from Notes 2 through 8.  Pursuant to the terms of Note 1, GenTech agreed to pay $135,000 in principal, with interest thereon at the rate ten percent (10%) per annum on or before May 8, 2020.

12.    Under Note 1, an event of default occurs if GenTech fails to pay any amount of principal or interest due under Note 1 (or any other Notes issued by GenTech to the holder).[5]

13.    Under Notes 1, following a default, the interest increases to twenty-four percent (24%) per annum, on all amounts due thereunder.

14.    The Note Purchase Agreements (and related documents, including the Assignments of the Notes) pertained to the Notes listed above.  However, rather than identify the Notes being assigned by Essex to Plaintiff by the date of the Note, each Note is identified by the date the Note was fully funded (which was a different date than the issuance date of the Note).[6]

15.    By entering into the Agreements, Essex assigned Plaintiff all right, title and interest to the remaining balance on the Notes issued by Defendant.

16.    At the time of the assignments, the Notes were free and clear of any and all liens, security agreements, encumbrances, claims, demands, or any other charge, whatsoever.[7] Plaintiff

---

[4] *See* Milazzo Aff., Exhs. 2-8 at § 5.1.4..
[5] *See* Milazzo Aff., Exh. 1 at § 8(a).
[6] *See* the Affidavit of Ben Conde, President of Essex Global Investments Corp., dated October___, 2021, at ¶7-8.
[7] *See* Milazzo Aff., Exhs. 9-16.

- 3 -

acquired valid title to each of the Notes, giving Plaintiff the obligations and rights of the Holder thereunder.

17.    Notes 2 through 8 articulated that "[n]o provision of this note shall alter or impair the obligation of the Company, which is absolute and unconditional, to the payment of the Outstanding Principal Amount of this Note at the Maturity Date[.]"[8]

18.    Note 1 provided a similar un promise by the Defendant.[9]

19.    Notes 2 through 8 delineate various events by which Defendant would be in default, including "[f]ailure to pay the principal and unpaid but accrued interest on the Note when due."[10]

20.    In the event of default, Notes 2 through 8 would "become immediately due and payable and the Borrower shall pay to the Holder, in full satisfaction of its obligations hereunder, an amount equal to the Default Sum[.]"[11]

21.    Default sum, as defined by Notes 2 through 8, is the sum of the: (a) Default Interest; (b) accrued and unpaid interest on the unpaid principal amount of the Note to the date of payment; and (c) the outstanding principal amount on the Note.[12]

22.    Further, in the event of default on any of Notes 2 through 8, the Defendant would reimburse the Holder for all costs incurred to enforce the Note, including attorneys' fees and expenses.[13]

23.    Upon default, Defendant also agreed that "all amounts payable . . . shall immediately become due and payable, all without demand, presentment or notice, all of which are hereby expressly waived[.]"[14]

---

[8] *See* Milazzo Aff., Exhs. 2-8, at § 3.
[9] *See* Milazzo Aff., Exhs. 1, at § 5.
[10] *See* Milazzo Aff., Exhs. 2-8 at § 5.1.4.
[11] *See* Milazzo Aff., Exhs. 2-8 at § 5.2.
[12] *See id*.
[13] *See id*.
[14] *See id*.

24.     Note 1 provided that the Defendant would be in default upon failure to pay the outstanding principal and accrued interest on the Note at the Maturity Date.[15]

25.     Upon default, the outstanding principal and accrued interest on Note 1 would become due and payable, without presentment, demand, or notice.[16]

26.     In the event of default on Note 1, interest would accrue at a default interest rate of twenty-four percent (24%) per annum.

27.     Further, if Note 1 was not paid at or before the Maturity Date, the outstanding principal increased by ten percent (10%).[17]

28.     Defendant also agreed to pay the Holder's attorneys' fees and other expenses incurred to enforce Note 1.[18]

29.     To date, Defendant has made no payments, partial or otherwise, on any of the Notes, despite the Maturity Dates having passed for each.

30.     Plaintiff has not converted any principal or interest due under the Notes.

31.     Defendant's Disclosure Statement, filed with the OTC Market Group, Inc. ("OTC") on July 31, 2021, reflects that: (1) each of the eight Notes' Maturity Dates have come and gone; (2) Plaintiff is the designated Holder of each of the eight Notes; and (3) Defendant has not made any payments whatsoever on any of the eight Notes.[19]

32.     Given this failure, Defendant is liable, as to Notes 2 through 8 for the: (a) Default Interest on the Notes; (b) accrued and unpaid interest, compounded monthly, on the unpaid principal amounts of the Notes to date; and (c) the outstanding principal amount on the Notes.

---

[15] *See* Milazzo Aff., Exh. 1 at § 8(a).
[16] *See* Milazzo Aff., Exh. 1 at § 8.
[17] *See id*.
[18] *See id*.
[19] *See* Milazzo Aff., Exh. 25 at § 3(B).

- 5 -

33. As for Note 1, Defendant is liable for an increased principal amount of ten percent (10%), accrued interest at a rate of ten percent (10%) per annum for any interest accrued before the Maturity Date, and interest at the default interest rate of twenty-four percent (24%) per annum for any interest accrued to date since the Maturity Date.

34. As it pertains to all eight (8) Notes, Defendant agreed to pay for the expenses Plaintiff has incurred to enforce the Notes, including legal fees.

35. The Court should grant judgment of all amounts due and payable under the Notes, including such interest due upon breach, up to the date of Judgment, along with reasonable attorneys' fees, costs, and expenses as provided for under the Notes.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an Order pursuant to CPLR 3213, granting summary judgment in favor of Plaintiff and against Defendant as follows:

(a) On Note 1: (i) the principal amount of $135,000.00, together with interest thereon at the rate of ten percent (10%) per annum, from the May 8, 2019 through May 8, 2020,; (ii) an additional $13,500.00 as provided in Section 8 of Note 1; and (iii) default interest at the rate of twenty-four percent (24%) per annum on $148,500.00 (the increased principal amount under Section 8 of Note 1) from May 9, 2020 to the date of judgment;

(b) On Note 2: in the principal amount of $72,500.00, together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from May 23, 2019 to the date of judgment;

(c) On Note 3: in the principal amount of $100,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 6, 2019 to the date of judgment;

- 6 -

(d) On Note 4: in the principal amount of $32,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 19, 2019 to the date of judgment;

(e) On Note 5: in the principal amount of $71,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 24, 2019 to the date of judgment;

(f) On Note 6: in the principal amount of $100,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 27, 2019 to the date of judgment;

(g) On Note 7: in the principal amount of $100,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from July 24, 2019 to the date of judgment;

(h) On Note 8: in the principal amount of $90,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from August 23, 2019 to the date of judgment;

(i) For reasonable attorneys' fees as provided for under Section 5.2 of Notes 2 through 8, and Section 8 of Note 1; and

(j) For such other and further relief as the Court deems just, equitable and proper.

_____
Christopher Danzi

Sworn to before me this
20 day of October, 2021

_____
Notary Public

REBECCA A CHWISTEK
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires May 18, 2025

- 7 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------x
                                        :    Index No.:

EAST CAPITAL INVESTMENTS CORP,    :

                         Plaintiff,    :    **AFFIDAVIT OF BEN CONDE**
                                          :    **IN SUPPORT**

    -against-                       :

GENTECH HOLDINGS, INC.,          :

                        Defendant.    :

-------------------------------------------------------------x

STATE OF _____      )
                              )ss.:
COUNTY OF _____    )

        BEN CONDE, being duly sworn, deposes and says:

    1.    I am the President of Essex Global Investments Corp. ("Essex").

    2.    I am fully familiar with the facts set forth herein, except where stated upon information and belief, and as to those matters, I believe them to be true.

    3.    From May 2019 to August 2019, GenTech executed eight (8) convertible promissory notes (collectively, the "Notes") in favor of Essex in principal amounts totaling $700,500.00. Essex fully funded such amount to GenTech.

    4.    On or about February 21, 2020, Plaintiff East Capital Investment Corp. ("Plaintiff") entered into eight (8) Note Purchase Agreements[1] and Assignment Agreements[2] (collectively, the "Agreements") with Essex, whereby Essex conveyed all of its rights, title and interest in the Notes to Plaintiff.

---

[1] True and correct copies of the Purchase Agreement are annexed to the Affirmation of Christopher Milazzo, Esq., dated October 20, 2021 ("Milazzo Aff.") as Exhibits 17-24.
[2] True and correct copies of the Assignment Agreements are annexed to the Milazzo Aff. as Exhs. 9-16.

5.      The subject of the eight (8) Purchase Agreements and coinciding Assignments were Convertible Promissory Notes executed by GenTech Holdings, Inc. ("GenTech") in favor of Essex on various dates from May 2019 to August 2019.

6.      Specifically, GenTech issued the following Convertible Promissory Notes to Essex:

(1) Convertible Promissory Note, dated May 8, 2019, in the principal amount of $135,000 ("Note 1");
(2) Convertible Promissory Note, dated May 23, 2019, in the principal amount of $72,500 ("Note 2");
(3) Convertible Promissory Note, dated June 6, 2019, in the principal amount of $100,000 (Note 3");
(4) Convertible Promissory Note, dated June 19, 2019, in the principal amount of $32,000 ("Note 4");
(5) Convertible Promissory Note, dated June 24, 2019, in the principal amount of $71,000 ("Note 5");
(6) Convertible Promissory Note, dated June 27, 2019, in the principal amount of $100,000 ("Note 6");
(7) Convertible Promissory Note, dated July 24, 2019, in the principal amount of $100,000 ("Note 7"); and
(8) Convertible Promissory Note, dated August 23, 2019, in the principal amount of $90,000 ("Note 8").[3]

7.      The Note Purchase Agreements (and related documents, including the Assignments of the Notes) pertained to the Notes listed above.  However, rather than identify the Notes being assigned to Plaintiff by the date of the Note, we identified each Note by the date the Note was fully funded (which was a different date than the date of the Note).

8.      To clarify, I provide below, with respect to each Note transferred to Plaintiff, the date used to identify the Notes in both the Note Purchase Agreements and Assignment Agreements:

(1) Note 1 -May 23, 2019;
(2) Note 2-May 24, 2019;
(3) Note 3-July 10, 2019;
(4) Note 4-June 20, 2019;
(5) Note 5-June 21, 2019;
(6) Note 6-July 10, 2019;

---

[3] True and correct copies of the Notes are annexed to the Milazzo Aff. as Exhs. 1-8.

- 2 -

(7) Note 7-August 12, 2019; and

(8) Note 8-August 29, 2019.

9.      As of February 21, 2020, Defendant had made no payments whatsoever on the Notes.

10.     Essex did not convert any principal or interest due under the Notes.

11.     As of February 21, 2020, Essex in no way failed to perform any obligations or conducted itself in any way that would relieve Defendant of its obligations on each of the eight (8) Notes.

_____

BEN CONDE

Sworn to before me this

25 day of October, 2021

_____

Notary Public

CARLOS L POUPART JR.
Notary Public – State of New Jersey
My Commission Expires Dec 4, 2022

- 3 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------x

EAST CAPITAL INVESTMENTS CORP,

                           Plaintiff,

    -against-

GENTECH HOLDINGS, INC.,

                        Defendant.

-------------------------------------------------------------x

Index No.

**AFFIRMATION IN SUPPORT**

Mot. Seq.

CHRISTOPHER P. MILAZZO, affirms under penalty of perjury as follows:

1.     I am a member of the Bar of the State of New York, and of Carmel, Milazzo & Feil LLP, attorneys for Plaintiff East Capital Investment Corp. ("Plaintiff" or "ECIC") in the above-captioned action. I make this Affirmation in support of Plaintiff's motion, pursuant to CPLR 3212, for summary judgment in lieu of complaint filed herein.

2.     I am fully familiar with the facts set forth herein, except where stated upon information and belief, and as to those matters I believe them to be true.

3.     Plaintiff moves this Court for summary judgment in lieu of complaint stemming from Defendant GenTech's ("Defendant" or "GenTech") failure to pay the amounts payable on eight (8) Convertible Promissory Notes (the "Notes").

4.     The Notes were initially issued to Essex Global Investments Corp. ("Essex").

5.     The first Convertible Promissory Note ("Note 1") was issued to Essex on May 8, 2019 in the principal amount of $135,000.00. A true and correct copy of Note 1 is annexed hereto as Exhibit 1.

- 1 -

6.      The second Convertible Promissory Note ("Note 2") was issued to Essex on May 23, 2019 in the principal amount of $72,500.00. A true and correct copy of Note 2 is annexed hereto as Exhibit 2.

7.      The third Convertible Promissory Note ("Note 3") was issued to Essex on June 6, 2019 in the principal amount of $100,000.00. A true and correct copy of Note 3 is annexed hereto as Exhibit 3.

8.      The fourth Convertible Promissory Note ("Note 4") was issued to Essex on June 19, 2019 in the principal amount of $32,000.00. A true and correct copy of Note 4 is annexed hereto as Exhibit 4.

9.      The fifth Convertible Promissory Note ("Note 5") was issued to Essex on June 24, 2019 in the principal amount of $71,000.00. A true and correct copy of Note 5 is annexed hereto as Exhibit 5.

10.     The sixth Convertible Promissory Note ("Note 6") was issued to Essex on June 27, 2019 in the principal amount of $100,000.00. A true and correct copy of Note 6 is annexed hereto as Exhibit 6.

11.     The seventh Convertible Promissory Note ("Note 7") was issued to Essex on July 24, 2019 in the principal amount of $100,000.00. A true and correct copy of Note 7 is annexed hereto as Exhibit 7.

12.     The eighth Convertible Promissory Note ("Note 8") was issued to Essex on August 23, 2019 in the principal amount of $90,000.00. A true and correct copy of Note 8 is annexed hereto as Exhibit 8.

- 2 -

13.     All of the eight (8) Notes were assigned to and purchased by Plaintiff from Essex on February 21, 2020, pursuant to eight (8) Assignment Agreements and eight (8) Purchase Agreements.

14.     A true and correct copy of the Assignment Agreement pertaining to the assignment of Note 1 by Essex to Plaintiff is annexed hereto as Exhibit 9.

15.     A true and correct copy of the Assignment Agreement pertaining to the assignment of Note 2 by Essex to Plaintiff is annexed hereto as Exhibit 10.

16.     A true and correct copy of the Assignment Agreement pertaining to the assignment of Note 3 by Essex to Plaintiff is annexed hereto as Exhibit 11.

17.     A true and correct copy of the Assignment Agreement pertaining to the assignment of Note 4 by Essex to Plaintiff is annexed hereto as Exhibit 12.

18.     A true and correct copy of the Assignment Agreement pertaining to the assignment of Note 5 by Essex to Plaintiff is annexed hereto as Exhibit 13.

19.     A true and correct copy of the Assignment Agreement pertaining to the assignment of Note 6 by Essex to Plaintiff is annexed hereto as Exhibit 14.

20.     A true and correct copy of the Assignment Agreement pertaining to the assignment of Note 7 by Essex to Plaintiff is annexed hereto as Exhibit 15.

21.     A true and correct copy of the Assignment Agreement pertaining to the assignment of Note 8 by Essex to Plaintiff is annexed hereto as Exhibit 16.

22.     A true and correct copy of the Note Purchase Agreement pertaining to the purchase of Note 1 by Plaintiff from Essex is annexed hereto as Exhibit 17.

23.     A true and correct copy of the Note Purchase Agreement pertaining to the purchase of Note 2 by Plaintiff from Essex is annexed hereto as Exhibit 18.

- 3 -

24.     A true and correct copy of the Note Purchase Agreement pertaining to the purchase of Note 3 by Plaintiff from Essex is annexed hereto as Exhibit 19.

25.     A true and correct copy of the Note Purchase Agreement pertaining to the purchase of Note 4 by Plaintiff from Essex is annexed hereto as Exhibit 20.

26.     A true and correct copy of the Note Purchase Agreement pertaining to the purchase of Note 5 by Plaintiff from Essex is annexed hereto as Exhibit 21.

27.     A true and correct copy of the Note Purchase Agreement pertaining to the purchase of Note 6 by Plaintiff from Essex is annexed hereto as Exhibit 22.

28.     A true and correct copy of the Note Purchase Agreement pertaining to the purchase of Note 7 by Plaintiff from Essex is annexed hereto as Exhibit 23.

29.     A true and correct copy of the Note Purchase Agreement pertaining to the purchase of Note 8 by Plaintiff from Essex is annexed hereto as Exhibit 24.

30.     Upon information and belief, Defendant has made no payments, partial or otherwise, on any of the Notes.

31.     A copy of the Defendant's Disclosure Statement, filed with the OTC Markets Group, Inc. on July 31, 2021, is annexed hereto as Exhibit 25.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an Order pursuant to CPLR 3213, granting summary judgment in favor of Plaintiff and against Defendant as follows:

(a) On Note 1: (i) the principal amount of $135,000.00, together with interest thereon at the rate of ten percent (10%) per annum, from the May 8, 2019 through May 8, 2020,; (ii) an additional $13,500.00 as provided in Section 8 of Note 1; and (iii) default interest at the rate of twenty-four percent (24%) per annum on $148,500.00 (the increased principal amount under Section 8 of Note 1) from May 9, 2020 to the date of judgment;

- 4 -

(b) On Note 2: (a) in the principal amount of $72,500.00, together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from May 23, 2019 to the date of judgment;

(c) On Note 3: (a) in the principal amount of $100,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 6, 2019 to the date of judgment;

(d) On Note 4: (a) in the principal amount of $32,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 19, 2019 to the date of judgment;

(e) On Note 5: (a) in the principal amount of $71,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 24, 2019 to the date of judgment;

(f) On Note 6: (a) in the principal amount of $100,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 27, 2019 to the date of judgment;

(g) On Note 7: (a) in the principal amount of $100,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from July 24, 2019 to the date of judgment;

(h) On Note 8: (a) in the principal amount of $90,000.00 together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from August 23, 2019 to the date of judgment;

(i) For reasonable attorneys' fees as provided for under Section 5.2 of Notes 2 through 8, and Section 8 of Note 1; and

- 5 -

Case 1:21-cv-10300-LLS   Document 1-1   Filed 12/03/21   Page 36 of 44

(j)  For such other and further relief as the Court deems just, equitable and proper.

Dated: New York, New York
           October 20, 2021

/s/ Christopher P. Milazzo, Esq
Christopher P. Milazzo, Esq.

- 6 -

UCS-840
(rev. 07/29/2019)

# REQUEST FOR JUDICIAL INTERVENTION

### New York Supreme COURT, COUNTY OF New York

Index No: _____    Date Index Issued: _____

| | **For Court Use Only:** |
|---|---|
| | **IAS Entry Date** |

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

East Capital Investments Corp.

-against-

GenTech Holdings, Inc.

Plaintiff(s)/Petitioner(s)

**Judge Assigned**

**RJI Filed Date**

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:** Check only one box and specify where indicated.

**COMMERCIAL**

- [x] Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- [ ] Contract
- [ ] Insurance (where insurance company is a party, except arbitration)
- [ ] UCC (includes sales and negotiable instruments)
- [ ] Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.*

**REAL PROPERTY:**    Specify how many properties the application includes: _____

- [ ] Condemnation
- [ ] Mortgage Foreclosure (specify):    [ ] Residential    [ ] Commercial
  Property Address: _____

  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.*

- [ ] Tax Certiorari - Section:    Block:    Lot:
- [ ] Tax Foreclosure
- [ ] Other Real Property (specify): _____

**OTHER MATTERS**

- [ ] Certificate of Incorporation/Dissolution    [see **NOTE** in **COMMERCIAL** section]
- [ ] Emergency Medical Treatment
- [ ] Habeas Corpus
- [ ] Local Court Appeal
- [ ] Mechanic's Lien
- [ ] Name Change
- [ ] Pistol Permit Revocation Hearing
- [ ] Sale or Finance of Religious/Not-for-Profit Property
- [ ] Other (specify): _____

**MATRIMONIAL**

- [ ] Contested
  *NOTE: If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum (UCS-840M)**.*

  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI **(UD-13)**.*

**TORTS**

- [ ] Asbestos
- [ ] Child Victims Act
- [ ] Environmental (specify): _____
- [ ] Medical, Dental, or Podiatric Malpractice
- [ ] Motor Vehicle
- [ ] Products Liability (specify): _____
- [ ] Other Negligence (specify): _____
- [ ] Other Professional Malpractice (specify): _____
- [ ] Other Tort (specify): _____

**SPECIAL PROCEEDINGS**

- [ ] CPLR Article 75 (Arbitration)    [see **NOTE** in **COMMERCIAL** section]
- [ ] CPLR Article 78 (Body or Officer)
- [ ] Election Law
- [ ] Extreme Risk Protection Order
- [ ] MHL Article 9.60 (Kendra's Law)
- [ ] MHL Article 10 (Sex Offender Confinement-Initial)
- [ ] MHL Article 10 (Sex Offender Confinement-Review)
- [ ] MHL Article 81 (Guardianship)
- [ ] Other Mental Hygiene (specify): _____
- [ ] Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING:**    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | | |
|---|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | [ ] | [x] | If yes, date filed: | _____ |
| Has a summons and complaint or summons with notice been served? | [ ] | [x] | If yes, date served: | _____ |
| Is this action/proceeding being filed post-judgment? | [ ] | [x] | If yes, judgment date: | _____ |

**NATURE OF JUDICIAL INTERVENTION:**    Check one box only and enter additional information where indicated.

- [ ] Infant's Compromise
- [ ] Extreme Risk Protection Order Application
- [ ] Note of Issue/Certificate of Readiness
- [ ] Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined: _____
- [x] Notice of Motion    Relief Requested: _____    Return Date: _____
- [ ] Notice of Petition    Relief Requested: _____    Return Date: _____
- [ ] Order to Show Cause    Relief Requested: _____    Return Date: _____
- [ ] Other Ex Parte Application    Relief Requested: _____
- [ ] Poor Person Application
- [ ] Request for Preliminary Conference
- [ ] Residential Mortgage Foreclosure Settlement Conference
- [ ] Writ of Habeas Corpus
- [ ] Other (specify): _____

1 of 2

**RELATED CASES:** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**PARTIES:** For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant; 3rd party plaintiff, etc.) | Attorneys and/or Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance<br>For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: East Capital Investments Corp.<br>Role(s): Plaintiff/Petitioner | RYAN KRUMHOLZ, Carmel, Milazzo & Feil LLP, 55 W. 39th Street 18th Floor, New York, NY 10018, 2126580458, rkrumholz@cmfllp.com | ☐ YES ☒ NO |  |
| ☒ | Name: GenTech Holdings, Inc.<br>Role(s): Defendant/Respondent | 1732 First Avenue, Suite 25955, New York, NY 10128 | ☐ YES ☒ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: _10/27/2021_

_____                    RYAN JAMES KRUMHOLZ
                                                              Signature

_5788385_                                          RYAN JAMES KRUMHOLZ
Attorney Registration Number                   Print Name

*This form was generated by NYSCEF*

UCS-840C
3/2011

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF  New York**

_____ x

East Capital Investments Corp.

**Plaintiff(s)/Petitioner(s)**

-against-

GenTech Holdings, Inc.

**Defendant(s)/Respondent(s)**
_____ x

**Index No:**

**RJI No. (if any):**

## COMMERCIAL DIVISION

**Request for Judicial Intervention Addendum**

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

☒ Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g. unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g. sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

☐ Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)

☐ Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

☐ Shareholder derivative actions — without consideration of the monetary threshold

☐ Commercial class actions — without consideration of the monetary threshold

☐ Business transactions involving or arising out of dealings with commercial banks and other financial institutions

☐ Internal affairs of business organizations

☐ Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

☐ Environmental insurance coverage

☐ Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage)

☐ Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold

☐ Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed]:

714000.00

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

**I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION. I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) and (c).**

**Dated:**    10/27/2021

RYAN JAMES KRUMHOLZ

**SIGNATURE**

RYAN JAMES KRUMHOLZ

**PRINT OR TYPE NAME**

_This form was generated by NYSCEF_

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
                               :

EAST CAPITAL INVESTMENTS CORP,    :    Index No.: 656202/2021

                               :    Date Purchased: October 27, 2021

                   Plaintiff,    :    **AMENDED SUMMONS**

                               :

    -against-                       :

                               :

GENTECH HOLDINGS, INC.,         :

                               :

                   Defendant.    :

                               :
-------------------------------------------------------------------x

**TO THE ABOVE NAMED DEFENDANT:**

        **YOU ARE HEREBY SUMMONED** to submit to Plaintiff's attorney at the address stated below, answering papers on this Motion within the time provided by the annexed Amended Notice of Motion for Summary Judgment in Lieu of Complaint. If you fail to submit answering papers, Summary Judgment will be taken against you by default for the relief demanded in the Notice of Motion.

        Plaintiff designates New York County as the county in which this action will be heard.  The basis of such venue is CPLR 503(a) as the Defendant is a resident of the County of New York.

Dated: New York, New York
       November 4, 2021

                            CARMEL, MILAZZO & FEIL, LLP

                            By: _____
                            Christopher Milazzo, Esq.
                            55 West 39th Street, 18th Floor
                            New York, New York 10018
                            (212) 658-0458

                            *Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------x

EAST CAPITAL INVESTMENTS CORP,

                                      Plaintiff,

    -against-

GENTECH HOLDINGS, INC.,

                                   Defendant.

----------------------------------------------------------------x

Index No.: 656202/2021

**AMENDED NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that upon the Amended Summons, dated November 4, 2021, the annexed Affirmation of Christopher Milazzo, dated October 20, 2021, and the exhibits annexed thereto, the annexed Affidavit of Christopher Danzi, sworn to October 20, 2021, the annexed Affidavit of Ben Conde, sworn to October 25, 2021, and the accompanying Memorandum of Law, dated October 27, 2021, East Capital Investment Corp. ("Plaintiff") will move this Court, at the Courthouse thereof, in the Motion Support Courtroom (Room 130), located at 60 Centre Street, in the City of New York, County of New York, State of New York on December 20, 2021, at 9:30 a.m., or as soon thereafter as counsel can be heard, for an Order pursuant to CPLR 3213, granting summary judgment in favor of Plaintiff and against Defendant as follows:

(a) On the Convertible Promissory Note dated May 8, 2019 in the amount of the sum of the following: (i) the principal amount of the note (*i.e.*, $135,000.00), together with interest thereon at the rate of ten percent (10%) per annum, from the May 8, 2019 through May 8, 2020; (ii) an additional $13,500.00 pursuant to Section 8 of said note; and (iii) default interest at the rate of twenty-four percent (24%) per annum on $148,500.00 from May 9, 2020 to the date of judgment;

(b) On the Convertible Promissory Note dated May 23, 2019, in the amount of the principal amount of the note (*i.e.*, $72,500.00), together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from May 23, 2019 to the date of judgment;

(c) On the Convertible Promissory Note dated June 6, 2019: in the amount of the principal amount of the note (*i.e.*, $100,000.00), together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 6, 2019 to the date of judgment;

(d) On the Convertible Promissory Note dated June 19, 2019: in the amount of the principal amount of the note (*i.e.*, $32,000.00), together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 19, 2019 to the date of judgment;

(e) On the Convertible Promissory Note dated June 24, 2019: in the amount of the principal amount of the note (*i.e.*, $71,000.00), together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 24, 2019 to the date of judgment;

(f) On the Convertible Promissory Note dated June 27, 2019: in the amount of the principal amount of the note (*i.e.*, $100,000.00), together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from June 27, 2019 to the date of judgment;

(g) On the Convertible Promissory Note dated July 24, 2019: in the amount of the principal amount of the note (*i.e.*, $100,000.00), together with interest thereon at the rate of ten

- 2 -

percent (10%) per annum, compounded monthly, from July 24, 2019 to the date of judgment;

(h) On the Convertible Promissory Note dated August 23, 2019: in the amount of the principal amount of the note (*i.e.*, $90,000.00), together with interest thereon at the rate of ten percent (10%) per annum, compounded monthly, from August 23, 2019 to the date of judgment;

(i) Awarding Plaintiff its reasonable attorneys' fees incurred in connection with the convertible promissory notes, and directing that an inquest be held to determine the amount of reasonable attorneys' fees to which Plaintiff is entitled; and

(j) For such other and further relief as the Court deems just, equitable and proper.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to C.P.L.R. §§ 2214(b) and 3213, answering papers, if any, must be served upon the undersigned at least ten (10) days before the return date of this motion, and any reply papers shall be served at least one (1) day before the return date of this motion.

Dated: New York, New York
November 4, 2021

CARMEL, MILAZZO & FEIL, LLP

By: _____
Christopher Milazzo, Esq.
55 West 39th Street, 18th Floor
New York, New York 10018
(212) 658-0458

*Attorneys for Plaintiff*

- 3 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------X
EAST CAPITAL INVESTMENTS CORP.,

        Plaintiff(s),                  Index No. 656202/2021

    -against-                   AFFIDAVIT OF SERVICE

GENTECH HOLDINGS, INC.,

        Defendant(s).
--------------------------------------------------------X
STATE OF COLORADO )
                 S.S.:
COUNTY OF BOULDER )

        TRACEY GRANGER, being duly sworn, deposes and says that she is over the age of eighteen years, is an agent of METRO ATTORNEY SERVICE INC., and is not a party to this action.

        That on the 5th day of November, 2021, at approximately 4:32 PM, deponent served a true copy of the Request for Judicial Intervention, Request for Judicial Intervention Addendum, Amended Summons, Amended Notice of Motion, Affirmation of Christopher Milazzo, Affidavit of Christopher Danzi, Affidavit of Ben Conde and Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint upon GENTECH HOLDINGS, INC. c/o Registered Agents, Inc. at 1942 Broadway St., Suite 314C, Boulder, Colorado, by personally delivering and leaving the same with ELIZABETH HERNANDEZ, Receptionist, who informed deponent that she is an agent authorized by appointment to receive service at that address.

        ELIZABETH HERNANDEZ is a Hispanic female, approximately 25 years of age, stands approximately 5 feet 4 inches tall, weighs approximately 115 pounds with brown hair.

_____
TRACEY GRANGER

Sworn to before me this
8th day of November, 2021

_____  exp 4/1/22
NOTARY PUBLIC

JOHN CHELY
NOTARY
PUBLIC
STATE OF COLORADO