**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

EAST CAPITAL INVESTMENTS CORP.,

                Plaintiff,

-against-

GENTECH HOLDINGS, INC.,

                Defendant.

Case No. 1:21-cv-10300-LLS

**Hon. Louis L. Stanton, U.S.D.J.**

**Hon. Ona T. Wang, U.S.M.J.**

---

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**CROSS-MOTION TO DISMISS THE ACTION PURSUANT TO**
**FED. R. CIV. P. 12(b)(6)**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ………………………………………………………....…….. ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ……….…….……….…….…….…….…….……..………………….. 2

    I.    ESSEX'S FAILURE TO REGISTER AS A BROKER-DEALER RENDERS THE NOTES VOID, UNENFORCEABLE, AND SUBJECT TO RESCISSION ……………………………………………….….... 2

        A.  Legal Background …………………………………………………..... 2

            i.    Exchange Act Sections 15(a) and 29(b) ……………………………... 2

            ii.   *LG Capital and Vystar* …………………………………………… 3

        B.  *LG Capital* and *Vystar* are Directly at Odds with Opinions to the Contrary of Multiple Circuits of the United States Court of Appeals ………................. 3

            i.    Fifth Circuit ……………….................................................................... 3

            ii.   First Circuit ………………………………………………………….. 4

            iii.  Ninth Circuit ……………….................................................................. 5

            iv.  Second Circuit …………………………………………………….. 5

        C.  *LG Capital* and *Vystar* are Directly at Odds with Holdings to the Contrary of Multiple District Courts Within the Second Circuit and Elsewhere…............... 6

            i.    District Court Decisions Within the Second Circuit …………….…... 6

            ii.   District Court Decisions in Other Circuits ……………….…….. 7

        D.  *LG Capital* and *Vystar* are Manifestly Wrong Because they Focus on Performance Rather than Formation…………………….….………..... 8

    II.   WITH RESPECT TO NOTE 1, FLORIDA LAW SHOULD APPLY AND THE NOTE IS THUS UNENFORCEABLE . ……………………………………... 9

CONCLUSION ………..…….....….…….….….….….….…..……………… 10

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Alexander v. Sandoval*,
    532 U.S. 275, 286, 292 (2001) ……………………………………….……………….. 9

*Apex Global Partners, Inc. v. Kaye/Bassman Int'l Corp.*,
    2009 U.S. Dist. LEXIS 77679 (N.D. Tex Aug. 31, 2009) ………….…………………… 8

*Boguslavsky v. Kaplan*,
    159 F.3d 715 (2d Cir. 1998) …………………………..……………………… 5, 6

*Couldock & Bohan, Inc. v. Societe Generale Secs. Corp.*,
    93 F. Supp. 2d 220 (D. Conn. Mar. 29, 2000) …………………………...………... 7

*Cornhusker Energy Lexington, LLC v. Prospect St. Ventures*,
    2006 U.S. Dist. LEXIS 68959 (D. Neb. Sep. 12, 2006) ……………………………... 6, 8

*Demaria v. Gisbex Clearing Corp.*,
    2010 U.S. Dist. LEXIS 157862 (S.D. Fla. Nov. 23, 2010) …………………………... 8

*Dervan v. Gordian Grp. LLC*,
    2017 U.S. Dist. LEXIS 28551 (S.D.N.Y. Feb. 28, 2017) ………………………………. 2

*Eastside Church of Christ v. National Plan, Inc.*,
    391 F.2d 357 (5th Cir. 1968) ………………………………...……………...…….. 3, 6

*Edgepoint Capital Holdings, LLC v. Apothecare Pharm., LLC*
    6 F.4th 50 (1st Cir. 2021) …………………………………...……………...………........ 4

*EMA Fin. V. Vystar Corp.*,
    2021 U.S. Dist. LEXIS 252367 (S.D.N.Y. Mar. 29, 2021) ……………………... 2, 3, 4, 8

*Found. Ventures, LLC v. F2G, Ltd.*,
    2010 U.S. Dist. LEXIS 81293 (S.D.N.Y. Aug. 11, 2010) ………………………………. 2

*Frati v. Saltzstein*,
    2011 U.S. Dist. LEXIS 25567 (S.D.N.Y. Mar. 14, 2011) ………………………………. 2

*In re Gas Reclamation, Inc. Sec. Litig.*,
    733 F. Supp. 713, 719 (S.D.N.Y. Mar. 27, 1990),
    *on reconsideration*, 471 F. Supp. 1094 (S.D.N.Y. Jul. 11, 1990)  ………...…………… 7

*In re MRV Communs. Derivative Litig.*,
    2010 U.S. Dist. LEXIS 136744 (C.D. Cal. Dec. 27, 2010) ……………………………. 8

*Landegger v. Cohen*,
    5 F. Supp. 3d 1278 (D. Col. Nov. 7, 2013) ………………………………………….... 7, 9

*Lawrence v. Richman Group of Conn., LLC*,
    2005 U.S. Dist. LEXIS 37838 (D. Conn. Dec. 15, 2005) ……………………………. 6, 7

*LG Capital Funding, LLC v. ExeLED Holdings, Inc.*,
    2018 U.S. Dist. LEXIS 202540 (S.D.N.Y. Sep. 28, 2018) …………………… 1, 2, 3, 4, 8

*Mills v. Electric Auto-Lite Co.*,
    396 U.S. 375 (1970) ………………………………………………………………….. 2

*Novafund Advisors, LLC v. Capitala Grp., LLC*,
    2020 U.S. Dist. LEXIS 5904 (D. Conn. Jan. 14, 2020)…………………………………. 7

*Power Up Lending Grp., Ltd v. Alliance Bioenergy Plus, Inc.*,
    2019 U.S. Dist. LEXIS 33274 (E.D.N.Y. Feb. 28, 2019) ……………………………… 10

*Regional Properties, Inc. v. Financial & Real Estate Consulting Co.*,
    678 F.2d 552 (5th Cir. 1982) ………………………………………………… 4, 5, 6, 7, 9

*Reves v. Ernst & Young,*
    494 U.S. 56 (1990) ……………………………………………………………...……. 1

*Rollins v. Odom*,
    519 So.2d 652 (Fla. DCA 1988) …………………………………………………….. 10

*Slomiak v. Bear Stearns & Co.*,
    597 F. Supp. 676 (S.D.N.Y. Jul. 24, 1984) …………………………………………… 6, 9

*United States v. Balis*,
    244 Fed. App'x 397 (2d Cir. 2007) ……………………………………………………. 1

*Western Federal Corp. v. Erickson*,
    739 F.2d 1439 (9th Cir. 1984) ………………………………………………………… 5, 9

**Statutes**

*Federal Rules of Civil Procedure ("Fed. R. Civ. P.")*

Fed. R. Civ. P. 12(b)(6) ……………………………………………………...…………. 6

*United States Code ("U.S.C.")*

15 U.S.C. § 78a *et seq.* ………………………………………………………..…………...... 1

15 U.S.C. § 78c(a)(10) …………………………………………………………………........ 1

15 U.S.C. § 78o(a)(1) ……………………………………………………………..… *passim*

15 U.S.C. § 78cc(b) …………………………………………………………………..… *passim*

**Other Sources**

*Samuel H. Gruenbaum & Marc Steinberg*,
    Section 29(b) of the Securities and Exchange Act
        of 1934: A Viable Remedy Awakened, 48 Geo. Wash. L. Rev. 1 (1979) ……………. 8, 9

## **PRELIMINARY STATEMENT**

Defendant GenTech Holdings, Inc. ("GenTech") submits this Reply Memorandum of Law in further support of GenTech's cross-motion to dismiss the action (the "Cross-Motion"). Plaintiff East Capital Investments Corp. ("ECIC") does not dispute that: (1) The transactions at issue involving eight Convertible Promissory Notes (the "Notes" – *see* GenTech's Exhibits 1 through 8 in support of the Cross-Motion - ECF #9-1 to 9-8) were subject to the requirements of the Securities Exchange Act of 1934 (the "Exchange Act", 15 U.S.C. § 78a *et seq*.) because the Notes are securities within the meaning of the Exchange Act (*see e.g.*, 15 U.S.C. §78c(a)(10); *see also Reves v. Ernst & Young*, 494 U.S. 56, 64-65 (1990); *United States v. Balis*, 244 Fed. App'x 397, 398 (2d Cir. 2007)), (2) Non-party Essex Global Investment Corp. ("Essex"), ECIC's predecessor-in-interest, participated in these securities transactions as holder of the Notes, but never registered as a broker or dealer ("broker-dealer"), in direct violation of Section 15(a) of the Exchange Act (*see* 15 U.S.C. § 78o(a)(1) ("Section 15(a)")). Since Essex was in violation of Section 15(a) at the time the Notes were issued, the Notes are void, unenforceable, and subject to rescission, pursuant to Section 29(b) of the Exchange Act (15 U.S.C. § 78cc(b) ("Section 29(b)")).

ECIC, the assignee of the Notes, raises only *one* defense to Section 29(b) rescission: ECIC claims that a violation of Section 15(a) cannot alone serve as a predicate for rescission under 29(b) ("nothing in the operative agreement[s] *requires* the plaintiff to take any action in violation of the Exchange Act . . . ."). (Plaintiff's Mem. at 6 – ECF #15). This Court should disregard ECIC's defense and grant the Cross-Motion because ECIC's argument relies almost entirely on two erroneously decided district court cases—*LG Capital Funding, LLC v. ExeLED Holdings, Inc*., 2018 U.S. Dist. LEXIS 202540 (S.D.N.Y. Sept. 28, 2018), and *EMA Fin. v.*

1

*Vystar Corp.*, 2021 U.S. Dist. LEXIS 252367 (S.D.N.Y. Mar. 29, 2021) (Plaintiff's Mem. at 6-8).[1] *LG Capital* and *Vystar* are directly at odds with opinions to the contrary of multiple Circuits of the United States Court of Appeals on the issue; directly at odds with holdings to the contrary of multiple district courts within the Second Circuit and elsewhere; and are manifestly wrong, illogical, and contrary to Congressional intent as evidenced by the text of Section 29(b).

## ARGUMENT

### I. ESSEX'S FAILURE TO REGISTER AS A BROKER-DEALER RENDERS THE NOTES VOID, UNENFORCEABLE, AND SUBJECT TO RESCISSION

#### A. Legal Background

##### i. Exchange Act Sections 15(a) and 29(b)

Pursuant to Section 15(a), it is unlawful for unregistered broker-dealers "to effect any transactions in, or to induce or attempt to induce the purchase or sale of, *any* security…. " 15 U.S.C. § 78o(a)(1) (emphasis added). Contracts made in violation of Section 15(a) are void pursuant to Section 29(b) (15 U.S.C. § 78cc(b)), which provides:

> Every contract made in violation of any provision of this chapter . . . and every contract . . . the performance of which involves the violation of, or the continuance of any relationship or practice in violation of, any provision of this chapter . . . **shall be void** . . . as regards the rights of any person who in violation of any such provision, rule, or regulation, shall have made or engaged in the performance of any such contract . . . ." (Emphasis added).

Such contracts are "voidable at the option of the innocent party." *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 387-388 (1970). Section 29(b) may be "invoked in an action to rescind *or* as an affirmative defense to an enforcement claim . . . ." *Dervan v. Gordian Grp. LLC*, 2017 U.S. Dist. LEXIS 28551 at *21 (S.D.N.Y. Feb. 28, 2017).

---

[1] ECIC also cites the outlier decisions in *Frati v. Saltzstein*, 2011 U.S. Dist. LEXIS 25567 (S.D.N.Y. Mar. 14, 2011) and *Found. Ventures, LLC v. F2G, Ltd.*, 2010 U.S. Dist. LEXIS 81293 (S.D.N.Y. Aug. 11, 2010).

2

      ii.      ***LG Capital* and *Vystar***

*LG Capital* (2018) and *Vystar* (2021) both addressed Section 15(a) affirmative defenses and Section 29(b) counterclaims raised by defendant issuers against plaintiff broker-dealers of convertible promissory notes similar to Essex. Both district courts sided with the broker-dealers, reasoning, erroneously, that the documents at issue did not *require* the respective plaintiffs to take any action that would violate Section 15(a).[2] *LG Capital*, 2018 U.S. Dist. LEXIS 202540 at *15; *Vystar*, 2021 U.S. Dist. LEXIS 252367 at *6.

**B.**    ***LG Capital* and *Vystar* are Directly at Odds with Opinions to the Contrary of Multiple Circuits of the United States Court of Appeals**

Multiple Circuits of the United States Court of Appeals have explicitly held, or otherwise opined, that the *formation* of a contract itself is unlawful where the unregistered broker-dealer cannot lawfully effect it; in other words, that a violation of Section 15(a) is alone sufficient predicate to rescission under Section 29(b).

      i.      **Fifth Circuit**

In the seminal decision on this issue, plaintiff churches brought a 29(b) action for recission of bonds issued to purchasers through a third party agent. *Eastside Church of Christ v. National Plan, Inc.*, 391 F.2d 357 (5th Cir. 1968). Voiding the churches' obligations under the bonds, the Court held:

> Under § 15(a)(1), [defendant] was prohibited from effecting the transactions here involved and thus violated the Act by entering into those transactions. Under the voiding provision of § 29(b), *it is sufficient to show merely that the prohibited transactions occurred* and that appellants were in the protected class. *Id*. at 362. (Emphasis added).

The Court also found that "[t]he fact that Congress removed certain violations from the

---

[2] The perplexing ruling in *LG Capital* can be explained in part by defendant's failure to explicitly raise the issue of *per se* voidness pursuant to Section 15(a). *See* defendant's memoranda of law (ECF #38 & ECF #65), 1:17-cv-04006-LJL-OTW.

voiding sanctions of § 29(b) lends support to our construction of § 29(b) in this case." *Id*.; *see also Regional Properties, Inc. v. Financial & Real Estate Consulting Co.*, 678 F.2d 552 (5th Cir. 1982). In *Regional Properties*, the Fifth Circuit reaffirmed that even "contracts, perfectly lawful on their face" were voidable, and that whether the "contracts . . . could have been performed without violating the [Exchange Act] is immaterial." *Id*. at 561.

### ii.     First Circuit

The First Circuit recently followed the Fifth Circuit in a dispute between an unregistered plaintiff investment banking firm and a defendant pharmacy LLC about an agreement for plaintiff to assist defendant with the sale of all or part of the LLC. *Edgepoint Capital Holdings, LLC v. Apothecare Pharm., LLC* 6 F. 4th 50, 53-54 (1st Cir. 2021). Plaintiff brought an action to recover a "success fee" based on the eventual sale of the LLC. *Id*. at 56. Affirming the district court's grant of summary judgment in favor of defendant, the Court found that Section 29(b) "is not limited to voiding contracts which "on their face" violate the Exchange Act." *Id*. at 59 (citing *Regional Properties,* 678 F.2d at 560). "Section 15(a)'s text and purpose make clear that the registration requirement applies *as soon as* a broker attempts to induce a securities transaction." *Id*. at 60. The Court explicitly rejected the specious proposition (as held in *LG Capital* and *Vystar*) that contracts are not voidable "unless the contract 'necessarily required' a violation of securities laws." *Id*. at 59, 61.

> [Plaintiff's] suggestion that we read Section 29(b) to void contracts only when their performance necessarily involves a violation of securities law would also defeat the purposes of the Exchange Act. Section 29(b) does not include the word "necessarily" and we are precluded from inserting such language. *Id*. at 62 (citing *Regional Properties,* 678 F.2d at 560).

Moreover, of particular relevance to the case at bar, the First Circuit found that Plaintiff's potential assignment of the agreement at issue to an affiliate (just as Essex assigned

4

the Notes to ECIC) would not alter plaintiff's registration obligation and would not change the outcome. *Id*. at 60.

### iii.    Ninth Circuit

Although the Ninth Circuit has not definitively decided this issue on the merits, it has acknowledged without disapproval the Fifth Circuit's jurisprudence. *See Western Federal Corp. v. Erickson*, 739 F.2d 1439 (9th Cir. 1984). In *Western*, the Court affirmed summary judgment on different grounds, and thus did not reach the issues of whether the district court properly awarded summary judgment under Sections 15(a) and 29(b). *Western*, 739 F.2d at 1443 n.5. However, the Court opined in a footnote that "Section 29(b), however, provides that *any contract made in violation of any provision of the 1934 Act* shall be void . . . . The Fifth Circuit has recognized such an action for a plaintiff complaining of a § 15 violation." *Id*. (citing *Regional Properties*, 678 F.2d at 552).

### iv.    Second Circuit

The Second Circuit also has yet to issue a definitive holding on this issue, but has similarly suggested in dicta that a Section 15(a) can serve as a predicate for rescission under Section 29(b). *See Boguslavsky v. Kaplan*, 159 F.3d 715 (2d Cir. 1998). Plaintiff sought to rescind a customer agreement with a broker-dealer, alleging that it "was not properly registered . . . as required by § 15(a)(1) of the 1934 Act." *Id*. at 722. The Court vacated summary judgment against plaintiff because collateral estoppel did not apply to his Section 29(b) claim, and thus did not address the merits. *Id*. at 722 n.6. However, in a footnote, the Court stated:

> "[W]e have yet to address whether an alleged violation of § 15(a)(1) can form the predicate for a rescission action under § 29(b). We note that the Fifth Circuit has acknowledged the availability of such actions . . . and the Ninth Circuit, without actually deciding the issue, has suggested likewise . . . ." *Id*. at n.6. (internal citations omitted).

5

Although dicta, this note was clear enough regarding the Second Circuit's position on this issue that district courts have cited *Boguslavsky* for the proposition that "[a] violation of the registration requirements can form the basis for rescission under section 29(b)." *See e.g.*, *Cornhusker Energy Lexington, LLC v. Prospect St. Ventures*, 2006 U.S. Dist. LEXIS 68959 at *23-24 (D. Neb. Sep. 12, 2006)

    C.    ***LG Capital* and *Vystar* are Directly at Odds with Holdings to the Contrary Issued by Multiple District Courts Within the Second Circuit and Elsewhere**

        i.    **District Court Decisions Within the Second Circuit**

- <u>*Slomiak v. Bear Stearns & Co.*, 597 F. Supp. 676 (S.D.N.Y. Jul. 24, 1984):</u> Oddly, ECIC cites *Slomiak* (Plaintiff's Mem. at 5), ignoring the fact that the Court explicitly followed the Fifth Circuit. The Court denied plaintiff's request for rescission of bond transactions only because defendant's alleged violation (failure to provide a written credit disclosure statement) was "collateral or tangential to the contract between the parties." *Id*. at 682-683. However, the Court clarified that failure to register as a broker-dealer is *not* collateral or tangential:

> The illegality involved in *Regional*, unlike the violation alleged here, was inseparable from the performance of the contract plaintiff was seeking to rescind. Indeed, the act of performance constituted the violation: defendant had never registered as a broker-dealer with the SEC and, by carrying out its obligations under the contract, violated section 15(a)(1) of the [Exchange Act]. Id. at 682 (citing *Regional Properties*, 678 F.2d at 560; *Eastside Church*, 391 F.2d 357).

- <u>*Lawrence v. Richman Group of Conn., LLC*, 2005 U.S. Dist. LEXIS 37838 (D. Conn. Dec. 15, 2005):</u> Plaintiff unregistered stockbroker brought a claim for unjust enrichment against a syndicator of real estate limited partnerships for commissions allegedly owed under an agreement between the parties. *Id*. at **2, 22-23. Defendant argued on its Rule 12(b)(6) motion that plaintiff's noncompliance with Section 15(a) was a sufficient predicate to void plaintiff's commissions under Section 29(b). *Id*. at **22-23, 27-28. The Court dismissed the unjust

6

enrichment claim and observed that "the purpose of the [Exchange Act] . . . would be thwarted if brokers could ignore registration requirements . . . ." *Id*. at **34; *see also Id*. at **33 (quoting *Regional Properties*, 678 F.2d at 564) (if unregistered brokers could recover commissions, "then the prohibition is a toothless tiger.").

- *Novafund Advisors, LLC v. Capitala Grp., LLC*, 2020 U.S. Dist. LEXIS 5904 (D. Conn. Jan. 14, 2020): Defendant brought a counterclaim for rescission of an agreement requiring plaintiff to place partnership interests in defendant's credit fund with investors. *Id*. at *41. The Court denied plaintiff's motion to dismiss the counterclaim, holding that "[s]ecurities transactions effected or induced or attempted by non-registered broker-dealers are . . . illegal under the [Exchange Act]." *Id*. at *42. The lack of "requisite registration" as a broker by plaintiff under Section 15(a) on its own made "the term sheet illegal and voidable under Section 29(b)." *Id*. at *44-45; *see also Couldock & Bohan, Inc.v. Societe Generale Secs. Corp.*, 93 F. Supp. 2d 220, 231 (D. Conn. Mar. 29, 2000) (following the Fifth Circuit and granting summary judgment on counterclaim for rescission where unregistered broker-dealer violated Section 15(a)); *In re Gas Reclamation, Inc. Sec. Litig.*, 733 F. Supp. 713, 719 (S.D.N.Y. Mar. 27, 1990), *on reconsideration*, 471 F. Supp. 1094 (S.D.N.Y. Jul. 11, 1990) (denying motion to dismiss rescission claim).

### ii. District Court Decisions in Other Circuits

The proper analysis of claims predicated on the combination of Sections 15(a) and 29(b), as set forth by the Fifth Circuit, is generally followed throughout the country. *See Landegger v. Cohen*, 5 F. Supp. 3d 1278, 1290 (D. Col. Nov. 7, 2013) (holding in a case of first impression in the Tenth Circuit that the texts of Section 15(a)(1) and Section 29(b) "provides clear evidence of Congressional intent to support . . . private cause of action" for unregistered broker-dealer

activity); *In re MRV Communs. Derivative Litig.,* 2010 U.S. Dist. LEXIS 136744 at *11 (C.D. Cal. Dec. 27, 2010) ("Section 29(b) is a vehicle by which parties "may rescind contracts that were *made or performed in violation* of other substantive provisions . . . ." (emphasis added in part, bold in original removed); *Demaria v. Gisbex Clearing Corp.*, 2010 U.S. Dist. LEXIS 157862 at *18 (S.D. Fla. Nov. 23, 2010) (Plaintiffs are correct that a party may seek to rescind an agreement under Section 29(b) in light of broker's registration violations under Section 15(a)(1)."); *Apex Global Partners, Inc. v. Kaye/Bassman Int'l Corp.*, 2009 U.S. Dist. LEXIS 77679 (N.D. Tex. Aug. 31, 2009) (internal citations omitted) ("Section 29(b) may render voidable contracts that are 'either illegal when made or as in fact performed'. . . ."); *Cornhusker Energy Lexington,* , 2006 U.S. Dist. LEXIS 68959 at *23-24.

### D. *LG Capital* and *Vystar* are Manifestly Wrong Because they Focus on Performance Rather than Formation

*LG Capital* and *Vystar*, which turned on *performance* of the notes at issue, are manifestly wrong since holders of convertible promissory notes violate Sections 15(a) and 29(b) merely by entering into the transactions at issue in the first place. This illogical interpretation would allow unregistered broker-dealers to effectuate a transaction in securities so long as the transaction did not obligate the broker-dealer to effectuate further transactions in securities. As argued in an influential law review article on this subject, "the voidability provisions should apply even though the terms of the contract are within the bounds of the law." *Samuel H. Gruenbaum & Marc Steinberg*, Section 29(b) of the Securities and Exchange Act of 1934: A Viable Remedy Awakened, 48 Geo. Wash. L. Rev. 1, 21 (1979).[3]

Congressional intent on this issue is dispositive. The inclusion of the word "unlawful" in

---

[3] Available at https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3777449 (accessed on January 16, 2022). Cited in *Regional Properties,* 678 F.2d at 557, *Western Federal Corp.*, 739 F.2d 1439, and *Slomiak*, 597 F. Supp at 681.

8

Section 15(a)(1) "provides clear evidence of Congressional intent . . . . because Section 15(a)(1) proscribes certain conduct as "unlawful"—i.e., it is unlawful for brokers to engage in the sale of securities when they are unregistered." *Landegge*r, 5 F. Supp. 1290. As well, "evidence of a private remedy" making combined use of Section 15(a) and Section 29(b) can be found in the language of 29(b), specifically, that "*every* contract made in violation of this chapter . . . shall be void." (*Id*. (citing Section 29(b) (emphasis in original)). Indeed, "the text and structure of the statute," as well as the "contemporary legal context," can reveal Congressional intent with respect to the existence of private remedies. *Alexander v. Sandoval*, 532 U.S. 275, 286, 292 (2001). Since "Section 15(a)(1) falls within the chapter that triggers relief under Section 29(b), it follows that the *Sandoval* requirement that there be textual and structural support for both . . . a private remedy is satisfied." *Landegge*r, 5 F. Supp. 1290; *see also Regional Properties*, 678 F.2d at 560 ("A statute that voided only contracts by which persons have agreed in express terms to violate the Act would be so narrow as to be a waste of the congressional time spent in its enactment."). As well, "the legal context, at the time of the [1934] amendment to the Exchange Act, supports . . . that it was Congress's intent to provide for a private cause of action, because there is nothing in the express language of Section 15(a)(1) to disavow this interpretation. *Landegge*r, 5 F. Supp. 1291.

## II. WITH RESPECT TO NOTE 1, FLORIDA LAW SHOULD APPLY AND THE NOTE IS THUS UNENFORCEABLE

ECIC incorrectly asserts that a party's *incorporation* in the state of the parties' chosen law is sufficient, in this case Essex having been incorporated in Nevada. (Plaintiff's Mem. at 2, 10). *See e.g. Power Up Lending Grp*., *Ltd v. Alliance Bioenergy Plus, Inc*., 2019 U.S. Dist. LEXIS 33274 at *10 (E.D.N.Y. Feb. 28, 2019) ("The fact that one of the parties' *principal place*

9

*of business* is in the selected forum is enough to satisfy the reasonable relationship test . . . . [but] a party may not evade . . . usury laws . . . by merely 'nominally operating' in another jurisdiction."). (Emphasis added).

      As well, ECIC concedes that under Florida law "[t]he actual principal sum is the amount actually turned over to the borrower at the time the note is executed . . . ." (Plaintiff's Mem. at 12, citing *Rollins v. Odom*, 519 So.2d 652, 656-657 (Fla. DCA 1988)). The amount Essex actually "turned over" to GenTech was the purchase price of $115,000, which is the correct principal amount. (Exhibit 1 – ECF #9-1). Yet, in a brazen attempt to minimize the true interest rate, ECIC argues that $135,000—the *face value* of Note 1—was the principal sum. (Plaintiff's Mem. at 13). ECIC's calculation resulting in an "effective interest rate of 24.81 percent" is incorrect because it is premised on the wrong principal amount. (*See* Plaintiff's Mem at 13).

      ECIC also argues that a usury savings clause negates intent. (Plaintiff's Mem. at 14-15). Yet as ECIC concedes, Nevada doesn't even have usury laws. (Plaintiff's Mem. at 2, 15 n.6).

## CONCLUSION

      The Court should grant GenTech's Cross-Motion in its entirety.

Dated this 24th day of January 2022　　　　　　　　Respectfully submitted,

                                                             _____
                                                             Edward Paltzik, Esq.
                                                            JOSHPE MOONEY PALTZIK LLP
                                                            1407 Broadway
                                                            Suite 4002
                                                            New York, NY 10018
                                                            212-344-8211
                                                            epaltzik@jmpllp.com
                                                            *Attorneys for Defendant*
                                                           *GenTech Holdings, Inc.*