UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
EAST CAPITAL INVESTMENTS CORP,                       :
:
                        Plaintiff,     :
  -against-                                                          :
:
:      21-cv-10300 (LLS)
GENTECH HOLDINGS, INC.,                               :
:
                        Defendant.    :
:
---------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF EAST CAPITAL INVESTMENT CORP.'S MOTION FOR A DEFAULT JUDGMENT

CARMEL, MILAZZO & FEIL, LLP
Christopher Milazzo, Esq.
55 West 39th Street, 4th Floor
New York, New York 10018
(212) 658-0458

*Attorneys for Plaintiff*
*East Capital Investments Corp.*

Plaintiff East Capital Investments Corp. ("Plaintiff" or "ECIC"), by and through its attorneys, Carmel, Milazzo & Feil, LLP, respectfully submits this Memorandum of Law in support of its Motion, pursuant to Fed. R. Civ. P. 55.2(b), for default judgment against Defendant GenTech Holdings, Inc. ("Defendant" or "GenTech").

## INTRODUCTION

Plaintiff is entitled to a default judgment against Defendant owing to Defendant's failure to secure new counsel and appear in front of this Court with same, as prescribed by the Court by Order dated March 7, 2023. See Dkt. No. 42. Further, the facts alleged against the Defendant sufficiently establish liability. For these reasons and those outlined below, Plaintiff is entitled to a default judgment against Defendant.

## STATEMENT OF FACTS

This is an action to recover principal and interest owed by Defendant to Plaintiff pursuant to a Convertible Promissory Note, dated May 8, 2019, in the principal amount of $135,000.00 (the "Note"). *See* Dkt. No. 1-2, Exh. 1.

This action was commenced upon Plaintiff's Motion for Summary Judgment in Lieu of Complaint, Amended Summons, and Amended Notice of Motion, originally filed in the Supreme Court for the County of New York (Case No. 656202/2021). Declaration of Christopher Danzi ("Danzi Decl."), ¶ 4. Defendant subsequently filed a Notice of Removal (Dkt. No. 1), removing the case to the United States District Court for the Southern District of New York, invoking this Court's diversity jurisdiction. *Id*. Copies of the underlying state court initiating documents, as well as all exhibits and attachments thereto, were served upon Defendant on November 5, 2021, by personally serving Defendant's registered agent, Registered Agents, Inc., at 1942 Broadway St.,

Suite 314C, Boulder, Colorado, and proof of service was therefore filed in the underlying state court case on November 9, 2021, and in the instant case after removal. Dkt. No. 1-1.

Thereafter, Defendant's initial counsel, with the Court's approval, withdrew their representation of Defendant, as reflected in the Court's Order, dated August 31, 2022. *See* Dkt. No. 26. On January 12, 2023, Defendant's new counsel moved to withdraw their representation of Defendant for non- payment. Dkt. No. 37–40. On March 7, 2023, the Court granted Defendant's counsel's motion to withdraw, and in its Order stated that, if Plaintiff did not appear with new counsel within thirty (30) days from the date of the Order, Plaintiff would have leave to move for a default judgment. *See* Dkt. No. 42. Defendant did not appear with new counsel within the 30 days provided by the Court's Order and has not appeared with new counsel as of the date of this filing. Defendant's allotted time to appear with new counsel was not extended, and, upon information and belief, Defendant made no request for an extension of time to appear with new counsel.

On April 28, 2023, the Clerk of the United States District Court for the Southern District of New York executed and filed a Clerk's Certificate of Default as to Defendant in this action due to Defendant's failure to appear by new counsel by April 6, 2023. *See* Dkt. Nos. 42, 46. Danzi Decl. ¶ 5.

As such, this motion seeks judgment for the liquidated amount of: (i) principal of $135,000.00, plus interest at ten percent (10%) per annum from May 8, 2019, through May 8, 2020 Maturity Date of the Note, in the amount of $13,500.00; (ii) $13,500.00 under Section 8 of the Note (which increases the principal amount due under the Note to $148,500.00); and (iii) default interest at the rate of 24% per annum from May 9, 2020 through June 26, 2023 on the increased principal balance of $148,500.00, in the amount of $150,276.84. The total amount justly due and

owing under the Note as of June 26, 2023, is $298,776.84, of which no part has been paid by Defendant. Danzi Decl. ¶¶ 6–7.

## ARGUMENT

A. Standard of Review

On a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2), "a party's default is deemed to constitute a concession of all well pleaded allegations of liability[.]" *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Accordingly, when determining whether a plaintiff's allegations establish a defendant's liability as a matter of law, "a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

B. The Facts Alleged in the Complaint Establish Liability

A plaintiff establishes a prima facie entitlement to judgment as a matter of law on a promissory note by demonstrating: (a) the existence of the promissory note executed by the defendant and (b) the defendant's failure to make payment in accordance with its terms. *See Griffon V LLC v. 11 East 36th, LLC*, 90 A.D.3d 705, 706, 934 N.Y.S.2d 472, 474 (1st Dep't 2011).

Once the plaintiff establishes its prima facie case, the burden shifts to the defendant to establish, by admissible evidence, the existence of a genuine, triable issue of fact with respect to a bona fide defense. *See Griffon V LLC*, 90 A.D.3d at 706, 934 N.Y.S.2d at 474; *SCP (Bermuda) Inc. v. Bermudatel Ltd*, 224 A.D.2d 214, 216, 638 N.Y.S.2d 2, 4 (1st Dep't 1996).

It is undisputed that the Note is a valid Convertible Promissory Note executed by Defendant on May 8, 2019, in favor of a third party, and is currently held by Plaintiff. In fact, Defendant acknowledged the validity of the Note and that it is currently held by Plaintiff in its

Quarterly Report with OTC on July 31, 2021. *See* Dkt. No. 1-2., Exh. 25 at 3(B). Indeed, the Defendant promised to pay the principal amount of the Note (i.e., $135,000), along with accrued interest at the rate of 10 percent per annum (which began accruing on the date of issuance), on the Maturity Date, which was May 8, 2020. *Id.*, Exh. I. Under the terms of the Note, an event of default would occur in the event of nonpayment on the Maturity Date. *Id*.

It is undisputed that Defendant failed to pay any part of the $135,000 in principal and accrued interest on the Maturity Date (May 8, 2020). Danzi Decl. ¶¶ 6–7. As a result, under the terms of the Note, the outstanding principal amount increased by (10%) to $148,500 and from May 9, 2020, interest accrued on said amount at the default rate of twenty-four percent (24%) per annum. Thus, Defendant is liable for default for non-payment on the Note for the current principal amount of $148,500.00; (b) the unpaid interest accrued on the original principal of $135,000.00 at a rate often percent (10%) per annum between May 8, 2019 and May 8, 2020; and (c) the accrued and unpaid interest on the current principal amount of $148,500.00 at a rate of twenty-four percent (24%) per annum from May 9, 2020 to the date of judgment.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's motion for default judgment should be granted and judgment should be entered against Defendant for the liquidated amount of:

(a) (i) principal of $135,000.00, plus interest at ten percent (10%) per annum from May 8, 2019, through May 8, 2020 Maturity Date of the Note, in the amount of $13,500.00; (ii) $13,500.00 under Section 8 of the Note (which increases the principal amount due under the Note to $148,500.00); and (iii) default interest at the rate of 24% per annum from May 9, 2020 through June 26, 2023 on the increased principal balance of $148,500.00, in the amount of $150,276.84. The total amount justly due and owing

4

under the Note as of June 26, 2023, is $298,776.84, of which no part has been paid by Defendant; and

(b) For such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

CARMEL, MILAZZO & FEIL, LLP

*/s/Christopher P. Milazzo*
Christopher P. Milazzo, Esq.
55 West 39th Street, 4th Floor
New York, NY 10018
(t) (646)838-1311
cmilazzo@cmfllp.com

*Attorneys for Plaintiff*
*East Capital Investments Corp.*