UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
EAST CAPITAL INVESTMNETS CORP.           Case No.: 21-cv-10300 (LLS)

              Plaintiff/Judgment Creditor,
   -against-                                    **DECLARATION IN SUPPORT**

GENTECH HOLDINGS, INC

              Defendant/.

------------------------------------X

      CHRISTOPHER P. MILAZZO, declares under penalty of perjury as follows:

      1.    I am a member of the Bar of the State of New York, a member of the Bar of this Court, and a member of Sichenzia Ross Ference Carmel LLP, attorneys for Plaintiff/Judgment Creditor East Capital Investments Corp. ("Judgment Creditor") in the above-captioned action. I make this Declaration in support of Judgment Creditor's motion, pursuant to CPLR 5222 and 5251, and Judiciary Law § 753 and 756, to hold Judgment Debor GenTech Holdings, Inc. ("Judgment Debtor"), and its Chief Executive Officer, David Lovatt ("Lovatt"), in contempt of Court for Judgment Debtor's willful violation of the Restraining Notice, dated February 5, 2024, and to punish Judgment Debtor and Lovatt by the imposition of a fine or imprisonment or both,

      2.    I am fully familiar with the facts set forth herein, except where stated upon information and belief, and as to those matters, I believe them to be true.

      3.    On September 19, 2023, the Court entered a judgment (the "Judgment") in favor of Judgment Creditor and against Judgment Debtor in the amount of $281,906.63. A true and correct copy of the Judgment is annexed hereto as Exhibit 1.

4. On February 21, 2024, I caused an Information Subpoena and Restraining Ntoice, dated February 5, 2024 (the "Restraining Notice") upon Judgment Debtor. A true and correct copy of the Restraining Notice is annexed hereto as Exhibit 2.

5. The Restraining Notice was served upon Judgment Debtor by personally serving a copy of same upon Lovatt, Judgment Debtor's Chief Executive Officer. A true and correct copy of the Affidavit of Service of the Restraining Notice is annexed hereto as Exhibit 3.

6. Pursuant to the Restraining Notice, Judgment Debtor was forbidden to make or suffer any sale, assignment, transfer or interference with any property in which it had an interest.

7. On February 28, 2024, Judgment Debtor responded to the Information Subpoena. A true and correct copy of the responses to the Information Subpoena is annexed hereto as Exhibit 4.

8. As part of its efforts to obtain information regarding Judgment Debtor's assets, Judgment Creditor caused a Subpoena to be served on JP Morgan Chase Bank ("Chase") seeking account statements and other documents with respect to Judgment Debtor's account at Chase. Pursuant to the Subpoena, Chase produced various account statements, including those for February, March and April 2024, from Judgment Debtor's account at Chase. True and correct copies of the February, March and April, 2024 statement from Judgment Debtor's Chase account are annexed hereto as Exhibit 5.

9. Based upon the Chase account statements, it is apparent that Judgment Debtor violated the Restraining Notice by making various transfers and payments from the Chase account.

10. Further, upon information and belief, Lovatt, as Judgment Debtor's Chief Executive Officer, controls the Chase account and such transfers and payments were made with his knowledge and at his direction.

11. Accordingly, by reason of the foregoing, and as discussed more fully in the accompanying Memorandum of Law, the Court should find that Judgment Debtor and Lovatt are in contempt of court.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY UNDER THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON THIS 7th DAY OF AUGUST, 2024

_____
Christopher P. Milazzo