**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
EAST CAPITAL INVESTMNETS CORP.

                Plaintiff,

      -against-

GENTECH HOLDINGS, INC

                Defendant.
------------------------------------X

Case No.: 21-cv-10300 (LLS)

**INFORMATION SUBPOENA
AND RESTRAINING NOTICE**

## THE PEOPLE OF THE STATE OF NEW YORK

TO:    GENTECH HOLDINGS, INC.
        c/o David Lovatt
        221 Willow Winds Parkway
        Saint Johns, FL 32259

*GREETING:*

**WHEREAS**, in an action in the United States District Court for the Southern District of New York, between EAST CAPITAL INVESTMENTS CORP., as plaintiff, and GENTECH HOLDINGS, INC., as defendant, who are all the parties named in the action, a judgment was entered on September 19, 2023, in favor of EAST CAPITAL INVESTMENTS CORP., plaintiff-judgment creditor, and against GENTECH HOLDINGS, INC., defendant-judgment debtor, in the amount of $281,906.63, of which $281,906.63, together with interest thereon from September 19, 2023, remains due and unpaid; and

**NOW,** therefore we command you, to answer in writing upon oath, the attached written questions, of which a copy thereof is also attached, relevant to the satisfaction of the said judgment. Each question shall be answered separately and fully, and each answer shall refer to the question to which it responds, and shall be returned to the undersigned, together with the original of the questions, within seven (7) days after receipt.

**FALSE SWEARING OR FAILURE TO COMPLY WITH THIS SUBPOENA IS PUNISHABLE AS A CONTEMPT OF COURT.**

### RESTRAINING NOTICE

**PLEASE TAKE NOTICE** that pursuant to NY CPLR Rule 5222(b) which is set forth below, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any

1

interference with, any property in which you have an interest or otherwise dispose of same, except as provided in NY CPLR Rule 5222(a).

**PLEASE TAKE FURTHER NOTICE THAT DISOBEDIENCE OF THIS RESTRAINING NOTICE IS PUNISHABLE AS A CONTEMPT OF COURT**

NY CPLR Rule 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated.

A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint.

If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

<b><u>NOTICE TO JUDGMENT DEBTOR OR OBLIGOR</u></b>

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

### YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt." The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Alimony or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions; and
9. Veterans benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. The law (New York Civil Practice Law and Rules, Article Four and Sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated: New York, New York
February 5, 2024

**SICHENZIA ROSS FERENCE CARMEL LLP**

By: */s/ Christopher P. Milazzo*
Christopher P. Milazzo, Esq.
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 930-9700

*Attorneys for Plaintiff-Judgment Creditor*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
   EAST CAPITAL INVESTMNETS CORP.          Case No.: 21-cv-10300 (LLS)

              Plaintiff/Judgment Creditor,
    -against-                                **QUESTIONS IN CONNECTION**
                                                   **WITH INFORMATION**
   GENTECH HOLDINGS, INC                  **SUBPOENA**

              Defendant/Judgment Debtor.

------------------------------------------X

STATE OF _____   )
                                        )SS.:
COUNTY OF _____   )

_____ being sworn deposes and says; that deponent is the _____ the Judgment Debtor, the recipient of an information subpoena herein and of the original and a copy of questions accompanying said subpoena. The answers set forth are made from information obtained from records of the recipient.

1. Set forth the name, office and/or position of the person answering these questions.

2. Please set forth each and every bank account maintained by Judgment Debtor GenTech Holdings, Inc. Judgment Debtor ("GenTech"), or its successors or assigned, in which GenTech, or its successors or assigns, has an interest, setting forth the following with respect to each such account:

    (a)  The name of the bank where the account is maintained;
    (b)  The exact title of the account;
    (c)  The account number; and
    (d)  And the amount on deposit in the account.

3. Does any person or entity owe any debt to GenTech or is successors or assigns?

4. If Your answer to Question Number 2 "Yes", please provide the following with respect to each such debt:

      (a) The name and address of the person or entity that owes the debt;
      (b) The amount of the debt;
      (c) The date the debt is (or was) due; and
      (d) The nature of the debt

5. Does GenTech, or its successors or assigns, have a direct or indirect an ownership interest in any other entity?

6. If Your answer to Question Number 5 "Yes", please provide the following with respect to each such entity:

      (a) The name and address of the entity;
      (b) GenTech's percentage of ownership interest in the entity;
      (c) The nature of GenTech's ownership interest in the entity (i.e., stock, membership interests, etc.); and
      (d) State whether the ownership interests are certificated or evidenced by any other document).

7. Does GenTech, or its successors or assigns, own any real property?

8. If Your answer to Question Number 7 "Yes", please provide the address of each parcel of real property owned.

9. Is GenTech, or its successors or assigns, a tenant or lessee under any written lease?

10. If Your answer to Question Number 9 is "Yes", please provide the following with respect to each such lease:

   (a) The name of the landlord or owner;
   (b) The address of the premises that is leased;
   (c) The term of the lease;
   (d) The amount of monthly rent payable under the lease; and

11. Does GenTech, or its successors and/or assigns, receive any royalties from any patent, copyright or trademark?

12. If Your answer to Question Number is "11"Yes", please provide the names of the licensee(s) of the patents, copyrights, and/or trademarks and the amounts of annual amount of royalties received by GenTech, or its successors and/or assigns, with respect to same.

13. Does GenTech, or its successors and/or assigns, own any machinery, equipment, office equipment and/or office furniture?

14. If Your answer to Question Number 13 is "Yes", please provide the following with respect to each item:

    (a) A general description of the item;
    (b) Name and model number;
    (c) The location of the item; and
    (d) Approximate value of the item.

15. Does Gentech, its successors, assigns and/or subsidiaries sell products or merchandise through any third-party?

16. If Your answer to Question Number 15 is "Yes", please provide the following with respect to each such third-party:

    (a) A general description of the products or merchandise sold;
    (b) The name and address of the third-party;
    (c) Whether the products are sold online or in a physical location; and
    (d) A general description under which the products or merchandise is sold.

4

17. Are any individuals or entities indebted to GenTech?

18. If your answer to Question Number 17 is "Yes", please provide the following with respect to each such individual or entity:

    (a) The name of the individual of entity;
    (b) The address of the individual or entity;
    (c) The amount of the debt owed to GenTech; and
    (d) The nature of the obligation.

Sworn to before me this
___ day of _____ 2024

_____
Notary Public