UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EAST CAPITAL INVESTMNETS CORP.　　　　Case No.:  21-cv-10300 (LLS)

　　　　　　　　　Plaintiff/Judgment Creditor,
　　　　-against-

GENTECH HOLDINGS, INC

　　　　　　　　　Defendant/.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


**PLAINTIFF/JUDGMENT CREDITOR'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO HOLD DEFENDANT/GENTECH HOLDINGS, INC.
IN CONTEMPT OF COURT**


**SICHENZIA ROSS FERENCE CARMEL LLP**
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 930-9700 (tel.)
(212) 930-9725 (fax)
cmilazzo@srfc.law

*Attorneys for Plaintiff/Judgment Creditor
East Capital Investments Corp.*

Of Counsel:
Christopher P. Milazzo

Plaintiff/Judgment Creditor East Capital Investments Corp. ("Judgment Creditor"), by and through its attorneys, Sichenzia Ross Ference Carmel LLP, respectfully submits this Memorandum of Law in support of its motion, pursuant to CPLR 5222 and 5251, and Judiciary Law § 753 and 756, to hold Judgment Debtor GenTech Holdings, Inc. ("Judgment Debtor"), and its Chief Executive Officer, David Lovatt ("Lovatt"),  in contempt of Court for Judgment Debtor's willful violation of the Restraining Notice, dated February 5, 2024, and to punish Judgment Debtor and Lovatt by the imposition of a fine or imprisonment or both,

## Relevant Factual and Procedural Background

On September 19, 2023, the Court entered a judgment (the "Judgment") in favor of Judgment Creditor and against Judgment Debtor in the amount of $281,906.63.  (See Declaration of Christopher P. Milazzo, dated August 7, 2024 ("Milazzo Decl.") Exh. 1.)  .

On February 21, 2024, Judgment Creditor caused an Information Subpoena and Restraining Notice, dated February 5, 2024 (the "Restraining Notice") upon Judgment Debtor. (Milazzo Decl. Exh. 2.)  The Restraining Notice was served upon Judgment Debtor by personally serving a copy of same upon Lovatt, Judgment Debtor's Chief Executive Officer.  (Milazzo Decl. Exh. 3.)   Pursuant to the Restraining Notice, Judgment Debtor was forbidden to make or suffer any sale, assignment, transfer or interference with any property in which it had an interest.  (*See* Milazzo Decl. Exh. 2.)

As part of its efforts to obtain information regarding Judgment Debtor's assets, Judgment Creditor caused a Subpoena to be served on JP Morgan Chase Bank ("Chase") seeking account statements and other documents with respect to Judgment Debtor's account at Chase.  (Milazzo Decl. ¶ 7.)  Pursuant to the Subpoena, Chase produced various account statements, including those for February, March and April 2024, from Judgment Debtor's account at Chase.  (Milazzo Decl.

Exh. 5.)  Based upon the Chase account statements, it is apparent that Judgment Debtor violated the Restraining Notice by making various transfers and payments from the Chase account.  (See Milazzo Decl. Exh. 5.)  Lovatt, as Judgment Debtor's CEO, controls the Chase account and such transfers and payments were made at his direction.

## Argument

## POINT I

### THE COURT SHOULD HOLD JUDGMENT DEBTOR IN CONTEMPT OF COURT FOR VIOLATION OF THE RESTRAINING NOTICE

Fed. R. Civ. P. 69 governs the enforcement of money judgments awarded in federal district courts. Under Rule 69, the procedure foe enforcing the judgment is that of the state in which the federal district court rendering the judgment sits.  See Vinos Argentinos Imports USA, Inc. v. Los Andes Imports, Inc., 1993 WL 465353, at *1 (S.D.N.Y., Nov. 8, 1993).  *See also Cordius Trust v. Kummerfeld*, 2009 WL 3416235, at 7 (SD.N.Y., Oct. 23, 2009).

New York's procedure for enforcing judgment is found in Article 52 of the CPLR.  *See generally* N.Y. Civ. Prac. L. & R. Art. 52 (McKinney 2023).  Pursuant to CPLR 5222, a judgment creditor may issue a restraining notice upon a judgment debtor.  CPLR 5222 provides in relevant part as follows:

> A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgmkent is satisfied or vacated.

N.Y. Civ. Prac. L. & R. 5222(b) (McKinney 2023).  Thus, a restraining notice operates like an injunction that prohibits the sale, transfer or assignment of assets until the judgment is satisfied or vacated.  *See Addidas Sportschufabken v. New Generarion*, 1995 WL 646213, at *3 (S.D.N.Y.,

Nov. 3, 1995). The refusal or willful neglect to obey a restraining notice is punishable as a comempt of court. *See* N.Y. Civ. Prac. L. & R. 5222 and 5251 (McKinney 2023). *See also Cruz v. TD Bank, NA*, 22 N.Y.3d 61, 76, 2 N.E.3d 221, 230, 979 N.Y.S.2d 257, 266 (2013) ("Whether issued by a court or an attorney acting as an officer of the court, a restraining notice is an injunction and disobedience is punishable as a contempt of court") (internal quotations omoitted)

While CPLR 5251 provides contempt as a remedy for disobedience of a restraining notice, the New York Judiciary Law provides the procedure for contempt punishment. *See Wimbleton Financing Master Fund, Ltd. v. Bergstein*, 173 A.D.3d 401, 402, 103 N.Y.S.3d 378, 380 (1ˢᵗ Dep't 2019). In order to prevail on a civil contempt motion, the moving party must establish that (1) the court order with which the alleged contemonor failed to comply was clear and unambiguous, (2) the proof of noncompliance is clear and convincing; and (3) the alleged contemonor has not diligently attempted to comply in a a reasonable manner. *See Cordius Trust*, 2009 WL 3416235, at *6 (citing *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys.*, 368 F.3d 645, 655 (2d Cir. 2004)). The movant has the burden to establish the foregoing by clear and convincing evidence. *See Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002). *See also Yalkowsky v. Yalkowsky*, 93 A.D.2d 834, 461 N.Y.S.2d 54, 55 (2d Dep't 1983). However, "[i]t need not be established that the violation was willful." *Cordius Trust*, 2009 WL 3416235, at *6.

As demonstrated below, Judgment Creditor establishes each of the three elements required to find that Judgment Debtor is in contempt of court for violation of the Restraining Notice.

## A. The Restraining Notice Is Clear and Unambiguous

As set forth above, it must first be established that the order (or other court mandate) is clear and unambiguous. *See Cordius Trust*, 2009 WL 3416235, at *6. In *Cordius Trust*, the

judgment creditor moved to hold the judgment debtors in contempt of court for violations of a restraining notice. *Id*. at *10. The court held found that:

> The restrining notices served . . . [on the judgment debtors] restricted their ability to alienate or otherwise interfere with any property in which they had an interest. See N.Y. C.P.L.R. § 5222(b). The otices clearly laid out the restrictions imposed by § 5222(b) and in fact quoted from the statute itself. The Court finds that these obligations were therefore "clear and unambiguous." *Latino Officers [Ass'n of New York, Inc. v. City of New York*, 558 F.3d 159, 164 (2d Cir. 2009)].

2009 WL 3416235, at *10.

Here, as in *Cordius Trust*, the Retrainong Notice clearly laid out the restrictions imposed by CPLR 5222(b) by quoting the statute itself. (*See* Milazzo Decl. Exh. 2.) Therefore, the obligations contained in the Restraining Notice were clear and unambiguous.

## B. **The Evidence of Noncompliance is Clear and Convincing**

The evidence of Judgment Debtor's violation of the Restraining Notice is clear and convincing. Based upon the bank account statements submitted herewith, it is clear that Judgment Debtor transferred and caused funds to be paid from its bank account at Chase. Indeed, from the time the Restraining Notice was served upon Judgment Debtor on February 21, 2024 through April 2024, and likely continues to this day. More than $17,800 was transferred or paid from the Judgment Debtor's bank account from February 21, 2024 through April 2024. (Milazzo Dec. Exh. 5.)

Among the transfers were transfers to Leonard Armenta, an officer of Judgment Debtor, and transfers of funds to a linked account, presumably the account of a subsidiary or affiliated company of Judgment Debtor. (*See* Milazzo Decl. Exh. 5.) The evidence of the transfers and payments set forth on the statements from the Judgment Debtor's bank account constitutes clear and convincing evidence of Judgment Debtor's disobedience of the Restraining Notice.

### C. Judgment Debtor Has Not Dilligenmly Attempted to <u>Comply With the Restraining Notice</u>

Based upon the above, it is clear that Judgment Debtor did not attempt to diligently comply with the Restraining Notice. Indeed, based upon the transactions, it is clear that Judgment Debtor simply ignored the prohibitions of the Restraining Notice.

Accordingly, Judgment Creditor has established by clear and convincing evidence that Judgment Debtor violated the Restraining Notice and should be held in contempt of court.

### POINT II

### THE COURT SHOULD ALSO HOLD LOVATT IN CONTEMPT OF COURT

It is well-settled that the Court has the power to punish a corporate officer for contempt of court, regardless of whether he or she is a party to the underlying action, where he had been personally served with the restraining notice and had knowledge of the terms thereof. *See Citibank, NA v. Anthony Lincoln-Mercury, Inc.*, 86 A.D.2d 828, 829, 447 N.Y.S.2d 262, 263 (1st Dep't 1982). In *Cordius Trust*, this Court recognized that the violations of a restraining notice may be imputed to its president if the president controls the corporation and deliberately disregards the restraining notice. 658 F. Supp.2d at 519. *See also Lipstick, Ltd. v. Grupo Tribasa, S.A. de C.V.*, 304 A.D.2d 482, 482, 758 N.Y.S.2d 317, 318 (1st Dep't 2003) (Court found that corporate defendant's president could be punished for contempt of corporation). Indeed, an individual will not be permitted to use his position as an officer of a corporation to shield himself from disobeying court orders or process. *Citibank, NA,* 86 A.D.2d at 829, 447 N.Y.S.2d at 263.

Here, Lovatt, as the Chief Executive Officer of Judgment Debtor (*see* Milazzo Dec. Exh. 4), had control over the bank account from which transfers and payments were made in violation of the Restraining Notice, and had control over the decision to make transfers and payments from the bank account.  Further, as Lovatt was personally served with the Restraining Notice, he clearly had knowledge of same.

## **CONCLUSION**

For all the foregoing reasons, the Court should grant Judgment Creditor's motion to hold Judgment Debtor GenTech and David Lovatt in contempt of court.

Dated:  New York, New York
         August 7, 2024

SICHENZIA ROSS FERENCE CARMEL LLP

By: _____
        Christopher P. Milazzo
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 930-9700 (Tel.)
(212) 930-9700 (Fax)
cmilazzo@srfc.law

*Attorneys for Plaintiff-Judgment Creditor*
*East Capital Investments Corp.*