ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/19/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EAST CAPITAL INVESTMENTS CORP.,

                              Plaintiff,

        - against -

GENTECH HOLDINGS, INC.,

                              Defendant.

21 Civ. 10300 (LLS)

ORDER

        Plaintiff East Capital Investments Corporation ("East Capital") filed a motion on August 7, 2024 to hold Judgment Debtor GenTech Holdings, Inc. ("Judgment Debtor") and its Chief Executive Officer David Lovatt in civil contempt for violating a restraining notice served on February 21, 2024. Neither Judgment Debtor nor Lovatt opposed the motion. For the following reasons, East Capital's motion for civil contempt is granted.

        Refusal or willful neglect to obey a restraining notice is punishable as a contempt of court. N.Y. C.P.L.R. 5251 (McKinney). The "power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." Cordius Tr. v. Kummerfeld Assocs., Inc., 658 F. Supp. 2d 512, 515

-1-

(S.D.N.Y. 2009)(quoting N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1351 (2d Cir.1989)).

East Capital provided clear and convincing evidence that: (1) the restraining notice was clear and unambiguous because it explained the restrictions on the sale, assignment, or transfer of Judgment Debtor's property under New York's statute on restraining notices, N.Y. C.P.L.R. 5222(b); (2) bank statements confirm Judgment Debtor made transfers and payments after service of the Restraining Notice; and (3) Judgment Debtor did not diligently attempt to comply with the Restraining Notice, as demonstrated by transfers and payments in February, March, and April 2024. (Dkt. No. 53, Ex. 2-5).

Moreover, "violations of a restraining notice by the corporation may be imputed to its president if the president controls the corporation and deliberately disregards a restraining notice that was served on him." *Id.* at 519. The Judgment Debtor's Chief Executive Officer David Lovatt is a cardholder on the relevant account, and he was aware of the restriction on sales, assignments, or transfers because he was served the Restraining Notice on February 21, 2024. (Dkt. No. 53, Exs. 3-5). Despite his knowledge of the restrictions, he authorized several transfers in the months following the restraining notice.

-2-

Judgment Debtor's violations of the restraining notice may be imputed to David Lovatt, and he can be held in contempt.

The motion for contempt against Judgment Debtor and David Lovatt is granted. The Court hereby orders Judgment Debtor to refrain from making any sales, assignments, or transfers of funds or assets until it has fully satisfied the judgment. Should Judgment Debtor or David Lovatt fail to comply with the restraining notice, the Court may impose further sanctions, up to and including a fine or imprisonment.

So ordered.

Dated:     New York, New York
           November 17, 2024

                                    _Louis L. Stanton_
                                    LOUIS L. STANTON
                                    U.S.D.J.